UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC <br><br> Defendants. | CASE NO. 08 C 2224 <br><br> Judge Lindberg <br><br> Mag. Judge Mason |

## EX PARTE ORDER TEMPORARILY FREEZING ASSETS OF JASON R. HYATT AND HYATT JOHNSON CAPITAL, LLC AND OTHER ANCILLARY RELIEF

This cause coming to be heard on the Emergency Ex Parte Motion of Plaintiff, the United Securities and Exchange Commission (the "SEC"), for a Preliminary Injunction Asset Freeze and other Ancillary Relief, the Court having considered the SEC's Complaint, Motion, Memorandum and attachments, finds:

1. That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

2. That there is good cause to believe that Defendants Jason R. Hyatt, Jay Johnson and Hyatt Johnson Capital, LLC have engaged in transactions, practices and courses of business which constitute violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], Sections 10(b) [15 U.S.C. § 78j(b)] and 15(a)(1) [15 U.S.C. § 78o(a)(1)] of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, and Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940

(the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8] thereunder.

3. That there is good cause to believe that investor funds may be dissipated, and that therefore, this Order should be and is granted.

## I.

## ORDER FREEZING ASSETS

**IT IS HEREBY FURTHER ORDERED** that until the expiration of this order or otherwise ordered by the Court:

A. all funds and other assets of Jason R. Hyatt and Hyatt Johnson Capital, LLC are hereby frozen;

B. accordingly, Jason R. Hyatt and Hyatt Johnson Capital LLC, and their officers, agents, affiliates, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, are hereby temporarily restrained from, directly or indirectly from the following:

(1) transferring, selling, encumbering, receiving, changing, pledging, assigning, liquidating or otherwise disposing of, or withdrawing, any assets or property, including, but not limited to, cash, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans, owned by, controlled by, or in the possession of Jason R. Hyatt and/or Hyatt Johnson Capital, LLC, any and all accounts at any financial institution in the name of any one or more of them, and any and all accounts at any financial institution in which

Jason R. Hyatt and/or Hyatt Johnson Capital LLC have signatory authority or a beneficial interest;

(2) transferring, selling, encumbering, receiving, changing, pledging, assigning, withdrawing, liquidating or otherwise disposing of, in any manner, any funds or assets, that constitute investor funds or any accounts or property into which investor funds were deposited or invested; and

(3) opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of Jason R. Hyatt and/or Hyatt Johnson Capital LLC, or subject to access by any of Jason R. Hyatt and/or Hyatt Johnson Capital LLC, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets subject to this order;

C. that any bank, financial or brokerage institution or other person or entity holding any such funds or other assets in the name of, for the benefit of, or under the control of Jason R. Hyatt and/or Hyatt Johnson Capital LLC, and which receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such finds or other assets.

## II.

## ACCOUNTING

**IT IS HEREBY FURTHER ORDERED** that the Defendants shall make a sworn accounting, to this Court, within five (5) days of the issuance of this Order. Nothing contained in

3

this Section of this Order shall prevent the Defendants Jason R. Hyatt and /or Jay Johnson from asserting a Fifth Amendment privilege against self-incrimination and, in turn, nothing contained in this Section of the Order shall prevent the Commission from opposing or challenging Defendants Jason R. Hyatt's and /or Jay Johnson's assertion of a Fifth Amendment privilege against self-incrimination. Said sworn accountings shall consist of:

A.　(1) all assets, funds and property received, directly or indirectly, from anyone who invested in or otherwise gave, directly or indirectly, assets, funds or property to the Defendants; (2) the amount of such funds or value of such assets; (3) the location of where such funds were put and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location; (4) the uses to which such funds were put; and (5) the amounts of any remaining assets or funds described in Section I.A.(1) of this Order and their location and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location.

B.　all of the assets and liabilities for the Defendants wherever located, and for each asset and liability provide: (1) a description; (2) the amount or value; (3) the location including the name and address of the bank or other financial institution, the account name and the account number; and (4) the date the asset was acquired or the date the liability was incurred.

C.　all funds received in connection with the offer, purchase or sale of securities and uses of such funds.

4

### III.

### RECORDS PRESERVATION

**IT IS HEREBY FURTHER ORDERED** that the Defendants and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, statements, files and other property of or pertaining to the Defendants or any matters described in the Complaint filed by the United States Securities and Exchange Commission in this action, wherever located, until further order of this Court.

### IV.

### DOCUMENT PRODUCTION

**IT IS HEREBY FURTHER ORDERED** that the Defendants produce to the Plaintiff, within 5 days of the issuance of the Order, all accountant's reports, bank statements, brokerage statements, documents indicating title to real or personal property and any other indicia of current asset ownership in their possession, custody or control; and all books, records and other documents in their possession, custody or control relating to the offer, purchase or sale of securities. Nothing contained in this Section of this Order shall prevent the Defendants Jason R. Hyatt and /or Jay Johnson from asserting a Fifth Amendment privilege against self-incrimination and, in turn, nothing contained in this Section of the Order shall prevent the Commission from opposing or challenging Defendants Jason R. Hyatt's and /or Jay Johnson's assertion of a Fifth Amendment privilege against self-incrimination.

## V.

## **EXPEDITED DISCOVERY**

**IT IS HEREBY FURTHER ORDERED THAT:**

A.  Immediately upon entry of this Order, the parties are granted leave to serve interrogatories, requests for documents, and requests for admissions, take depositions and subpoena documents immediately, and the time allowed to respond to such discovery requests is shortened to 5 calendar days after a request is served unless otherwise ordered by the Court. Nothing contained in this Section of this Order shall prevent the Defendants Jason R. Hyatt and/or Jay Johnson from asserting a Fifth Amendment privilege against self-incrimination and, in turn, nothing contained in this Section of the Order shall prevent the Commission from opposing or challenging Defendants Jason R. Hyatt's and /or Jay Johnson's assertion of a Fifth Amendment privilege against self-incrimination.

B.  Should a party fail to respond to a request for admission within 5 calendar days of service, that request may be deemed admitted for all purposes in this action.

C.  Should a party fail to respond to an interrogatory within 5 calendar days of service, that party may be prohibited from introducing any evidence concerning the subject of the interrogatory for any purpose in this action.

D.  Should a party fail to produce a responsive document within 5 calendar days of service, that party may be prohibited from introducing the withheld document for any purpose in this action.

E.  The Defendants shall serve an answer or otherwise respond to the Commission's Complaint within 5 calendar days from the date of this Order; the Court may deem the

Commission's allegations admitted for purposes of the Commission's request for a preliminary injunction should a party fail to serve an Answer or otherwise respond within such time.

F.  All other discovery rules contained in the Federal Rules of Civil Procedure and Local Rules for the Northern District of Illinois shall apply unless otherwise ordered by this Court. All responses to the Commission's discovery requests shall be delivered to the Securities and Exchange Commission, Midwest Regional Office, Attention: Robin Andrews, 175 W. Jackson Blvd., Suite 900, Chicago, Illinois 60604 by the most expeditious means available, including via facsimile to (312) 353-7398. Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier and depositions may be taken by telephone or other remote electronic means.

## VI.

## NOTICE OF THIS ORDER

**IT IS HEREBY FURTHER ORDERED** that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, electronic mail or personally by agents or employees of the Commission, upon the Defendants, and upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Order.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes.

**IT IS HEREBY FURTHER ORDERED** that:

A. This order shall expire at midnight on __4/30__, 2008 or such other time and date as determined by the Court, or agreed upon by the parties hereto.

B. That a hearing is set before this Court on __4/30__, 2008, at the hour of _10:30_ o'clock, _A_.m., at which time the Defendants shall show cause why a preliminary injunction should not be granted in accordance with the prayer of Plaintiff's complaint.

**SO ORDERED:**

_Wm. J. Hibbler_
UNITED STATES DISTRICT JUDGE

Dated: April __18th__, 2008

8