# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO. 1:08-cv-2224 |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC | : : : : | Hon. George W. Lindberg |
| | : | Magistrate Judge Michael T. Mason |
| Defendants. | : : | |

## AGREED ORDER MODIFYING ASSET FREEZE ORDER

This Cause coming to be heard upon the Agreed Order Modifying the Asset Freeze ("Order") agreed to by Plaintiff U.S. Securities and Exchange Commission, Defendant Jason R. Hyatt, and Defendant Jay D. Johnson:[1]

### I.

### MODIFICATIONS TO ORDER

**IT IS HEREBY ORDERED** that the Ex Parte Order Temporarily Freezing Assets of Jason R. Hyatt and Hyatt Johnson Capital, LLC entered April 18, 2008 remains in full force and effect, except as modified as follows:[2]

1. Jason R. Hyatt shall be immediately removed as a signatory on any bank accounts in the name of, or relating to, Panacea Partners, LLC d/b/a DeLaCosta ("DeLaCosta").

---

[1] At this time, Defendant Hyatt Johnson Capital, LLC is not represented by counsel. However, Hyatt Johnson Capital, LLC is wholly owned and controlled by Defendants Hyatt and Johnson, who are agreeing to this Order.

[2] This Order incorporates by reference the letter dated April 29, 2008 by counsel for DeLaCosta. The letter is entry 20 on the court's docket in this case.

2. North Community Bank shall immediately release its hold on accounts numbers XXXXXX4129 (Operating) and XXXXXX5844 (Credit Card) held in the name of DeLaCosta.

3. Bridgeview Bank shall immediately release its hold on accounts numbers: XXXXX9301 (Operating); XXXXX0101 (Payroll); XXXXX8501 (Sales Tax); and XXXXX1901 (Credit Card) held in the name of DeLaCosta.

4. Only Lezlie Keebler, General Manager of DeLaCosta and Agnes Santomarco, Bookeeper, shall remain as, and allowed to be, signatories on accounts into which funds generated by the operation of, or relating to, the business of DeLaCosta Restaurant, specifically including the accounts identified in this order, until further order of this Court;

5. No accounts in the name of, or related to, DeLaCosta shall receive funds from, or transfer funds to, Jason R. Hyatt, Jay Johnson, or Hyatt Johnson Capital, LLC, either directly or indirectly through another entity or individual.  However, funds may be used for litigation expenses in connection with lawsuits against DeLaCosta or Jason R. Hyatt in his capacity as owner or manager of DeLaCosta.  DeLaCosta shall provide the SEC with 72 hour advance notice in the event any funds will be used for litigation expenses in connection with lawsuits against Jason R. Hyatt in his capacity as owner or manager of DeLaCosta.

6. DeLaCosta and its officers, agents, affiliates, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, shall be permitted to use any funds currently held in its accounts, or any funds received in the future, for the necessary operating expenses of De La Costa, provided that:

    a. Jason R. Hyatt shall have no role in determining which expenses shall be paid, how they will be paid, or to whom they will be paid;

      b.      no capital distributions to equity owners of DeLaCosta may be made without prior approval of the Court; and

      c.      no sales of any assets of DeLaCosta may occur without prior approval of the Court.

7.      DeLaCosta shall report to the SEC, on a monthly basis, a list of all deposits, withdrawals, expenditures, or transfers over $500 in connection with any account in the name of, or related to, De La Costa. DeLaCosta shall include, as part of this monthly report, a certification that:

      a.      No accounts in the name of, or related to, DeLaCosta received funds from, or transferred funds to, Jason R. Hyatt, Jay Johnson, or Hyatt Johnson Capital, LLC, either directly or indirectly through another entity or individual; and

      b.      Jason R. Hyatt had no role in determining which expenses were paid, how they were paid, or to whom they were paid.

## II.

## NOTICE OF THIS ORDER

**IT IS HEREBY FURTHER ORDERED** that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, electronic mail or personally by agents or employees of the SEC, upon the Defendants, and upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Order.

**III.**

**IT IS HEREBY FURTHER ORDERED** that this Order shall remain in effect until otherwise ordered by the Court. The Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED:**

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**Dated: April 29, 2008**

4