UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.  1:08-cv-2224 |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC | : : : : | Hon. George W. Lindberg |
| | : | Magistrate Judge Michael T. Mason |
| Defendants. | : : | |

**CONSENT OF DEFENDANT JAY D. JOHNSON**

1      Defendant Jay D. Johnson ("Defendant Johnson") acknowledges having been served with the complaint in this action and admits the Court's jurisdiction over Defendant Johnson and over the subject matter of this action by the United States Securities and Exchange Commission ("SEC").

2.     Defendant Johnson, without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant Johnson admits), hereby consents to the entry of the Agreed Order of Preliminary Injunction ("Agreed Order") in the form attached hereto and incorporated by reference herein, which among other things, restrains and enjoins Defendant Johnson from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], Sections 10(b) [15 U.S.C. § 78j(b)] and 15(a)(1) [15 U.S.C. § 78o(a)(1)] of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, and Sections 206(1) ,

1

206(2) and 206(4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8] thereunder.

3. Defendant Johnson waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant Johnson enters voluntarily into this Consent and represents that no threats, offers, promises, or inducements of any kind have been made by the SEC or any member, officer, employee, agent or representative of the SEC to induce Defendant Johnson to enter into this Consent.

5. Defendant Johnson agrees that this Consent shall be incorporated into the Order of Preliminary Injunction with the same force and effect as if fully set forth therein.

6. Defendant Johnson will not oppose the enforcement of the Agreed Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

7. Defendant Johnson waives service of the Agreed Order and agrees that entry of the Agreed Order by the Court and filing with the Clerk of the Court will constitute notice to Defendant Johnson of its terms and conditions.

8. Consistent with 17 C.F.R. §202.5(f), this Consent resolves only claims asserted against Defendant Johnson in this civil proceeding. Defendant Johnson further acknowledges that the Court's entry of a preliminary injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a

member, of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

9. Defendant Johnson hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant Johnson to defend against this action.

10. Defendant Johnson understands that the terms of the Agreed Order are enforceable through contempt proceedings, and that, in any such proceedings, he may not challenge the validity of this Consent or Agreed Order.

11. Defendant Johnson agrees that the Court shall retain jurisdiction over this matter for all purposes.

*  *  *

Consent of Defendant Jay D. Johnson:

_____   Dated: 4/30/08
Jay D. Johnson

On 4/30, 2008, Jay D. Johnson, a person known to me, personally appeared before and acknowledged executing the foregoing Consent.

_Amanda Lindstrom_
NOTARY PUBLIC

My Commission Expires: July 6, 2011

OFFICIAL SEAL
AMANDA LINDSTROM
Notary Public - State of Illinois
My Commission Expires Jul 6, 2011

Approved as to form:

_Mark L. Rotert_   Dated: 4/30/08
[COUNSEL INFORMATON]
MARK L. ROTERT

Attorney for Defendant Jay D. Johnson

Consent of Defendant Jay D. Johnson
Agreed to and Accepted by the SEC:

_____   Dated: 5/2/08
Robin Andrews
One of the Attorneys for the Plaintiff
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
312.353.7390

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Plaintiff, | : : |
| v. | : CASE NO.  1:08-cv-2224 : |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC | : : Hon. George W. Lindberg : : Magistrate Judge Michael T. Mason |
| Defendants. | : : |

## AGREED ORDER OF PRELIMINARY INJUNCTION

Plaintiff, U.S. Securities and Exchange Commission ("SEC") filed a complaint in this matter, and Defendant Jay D. Johnson ("Defendant Johnson") acknowledges receipt of the complaint and admits the personal jurisdiction of the Court over them and over the subject matter thereof, and without admitting or denying the allegations of the complaint, except as to jurisdiction, and without trial, argument or adjudication of any facts or law herein, agrees to the entry of this Order of Preliminary Injunction ("Order").  The SEC and Defendant Johnson have waived the entry of findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure, and Defendant Johnson has waived any right to appeal from this Order.  The Court having jurisdiction over the parties and the subject matter hereof, and being fully advised in the premises, hereby states:

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees,

attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, employing any device, scheme or artifice to defraud, in violation of Section 17(a)(1) of the Securities Act [15 U.S.C. §77q(a)(1)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of such securities, or obtaining money or property by means of any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, in violation of Section 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §77q(a)(2) and §77q(a)(3)].

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees,

attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to effect transaction in and to induce or attempt to induce the purchase of securities for the accounts of others, in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, while acting as an investment adviser, by use of the mails, and the means and instrumentalities of interstate commerce, directly or indirectly, knowingly, willfully or recklessly:

    A.    employing devices, schemes or artifices to defraud its clients or prospective clients; or

    B.    engaging in transactions, practices and courses of business which have operated as a fraud or deceit upon its clients or prospective clients.

in violation of Sections 206(1) and 206(2) of the Advisers Act. [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, while acting as an investment adviser to a pooled investment vehicle, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly:

    A.    engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon investors;

    B.    making untrue statements of a material fact or omitted to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor; or

    C.    otherwise engaging in acts, practices or courses of business that was fraudulent, deceptive, or manipulative with respect to any investor or prospective investor;

in violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8] thereunder.

## VII.

**IT IS HEREBY FURTHER ORDERED** that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, email, or personally by agents or employees of the Commission, upon Defendant Johnson, and upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Order.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the this Order.

**SO ORDERED:**

                                                                                     _____
**GEORGE W. LINDBERG**
**U.S. DISTRICT COURT JUDGE**
**Northern District of Illinois**

Dated: _____, 2008