UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC <br><br> Defendants. | CASE NO. 1:08-cv-2224 <br><br> Hon. George W. Lindberg <br><br> Magistrate Judge Michael T. Mason |

## AGREED ORDER OF PRELIMINARY INJUNCTION

Plaintiff, U.S. Securities and Exchange Commission ("SEC") filed a complaint in this matter, and Defendant Jay D. Johnson ("Defendant Johnson") acknowledges receipt of the complaint and admits the personal jurisdiction of the Court over them and over the subject matter thereof, and without admitting or denying the allegations of the complaint, except as to jurisdiction, and without trial, argument or adjudication of any facts or law herein, agrees to the entry of this Order of Preliminary Injunction ("Order"). The SEC and Defendant Johnson have waived the entry of findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure, and Defendant Johnson has waived any right to appeal from this Order. The Court having jurisdiction over the parties and the subject matter hereof, and being fully advised in the premises, hereby states:

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees,

attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, employing any device, scheme or artifice to defraud, in violation of Section 17(a)(1) of the Securities Act [15 U.S.C. §77q(a)(1)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of such securities, or obtaining money or property by means of any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, in violation of Section 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §77q(a)(2) and §77q(a)(3)].

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees,

attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to effect transaction in and to induce or attempt to induce the purchase of securities for the accounts of others, in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

**V.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, while acting as an investment adviser, by use of the mails, and the means and instrumentalities of interstate commerce, directly or indirectly, knowingly, willfully or recklessly:

    A.    employing devices, schemes or artifices to defraud its clients or prospective clients; or

    B.    engaging in transactions, practices and courses of business which have operated as a fraud or deceit upon its clients or prospective clients.

in violation of Sections 206(1) and 206(2) of the Advisers Act. [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendant Johnson, his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily enjoined from, directly or indirectly, while acting as an investment adviser to a pooled investment vehicle, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly:

A.  engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon investors;

B.  making untrue statements of a material fact or omitted to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor; or

C.  otherwise engaging in acts, practices or courses of business that was fraudulent, deceptive, or manipulative with respect to any investor or prospective investor;

in violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8] thereunder.

## VII.

**IT IS HEREBY FURTHER ORDERED** that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, email, or personally by agents or employees of the Commission, upon Defendant Johnson, and upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Order.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the this Order.

                    **ORDERED:**

                                              **GEORGE W. LINDBERG**
                                              **SENIOR U.S. DISTRICT JUDGE**

Dated: May 5, 2008