UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLIONIOS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JASON HYATT, ) <br> JAY JOHNSON, and ) <br> HYATT JOHNSON CAPITAL, LLC. ) <br> ) <br> Defendants. ) | No. 08-cv-2224 <br><br> Judge Lindberg <br> Magistrate Judge Mason |

**MOTION TO MODIFY ORDER FREEZING
ASSETS OF JASON R. HYATT AND HYATT JOHNSON CAPITAL, LLC.**

NOW COMES Defendant, Jason R. Hyatt, by and through his attorney, Thomas More Leinenweber, and as his Motion to Modify Order Freezing Assets of Jason R. Hyatt and Hyatt Johnson Capital (hereinafter, "Freeze Order") states as follows:

1. The United States Securities and Exchange Commission ("SEC") initiated this action against Defendants on April 18, 2008.

2. On that same date, the Court entered the Freeze Order, which provided that "all funds and other assets of Jason R. Hyatt and Hyatt Johnson Capital, LLC are hereby frozen."

3. The Court based the Freeze Order, in part, on its finding that "There is good cause to believe that investor funds may be dissipated . . ." (Order, ¶3).

4. Prior to the motion and Freeze Order, on or about Tuesday, April 15, 2008 Michael Demnicki extended a loan to Jason Hyatt in the amount of One Hundred and Fifteen Thousand Dollars ($115,000) (Demnicki Aff. ¶3.) The proceeds of that loan did not clear the banking system until the afternoon of Friday April 18, 2008 at approximately the same time the Court issued the Freeze Order. (Demnicki Aff. ¶3.)

5. At the time Mr. Demnicki executed the check he was not aware of the impending Freeze Order. (Demnicki Aff. ¶5.) The loan was in no way intended to circumvent the authority of this Court. (Demnicki Aff. ¶5.) The funds Mr. Hyatt received from Mr. Demnicki were unrelated to Hyatt Johnson Capital or the subject matter of the SEC's Complaint that formed the basis of the Freeze Order. (Demnicki Aff. ¶ 5.)

6. Freezing the proceeds of Mr. Demnicki's loan does not further the spirit or purpose of the Freeze Order, which, by its terms, is intended to prevent the dissipation of investor proceeds.

WHEREFORE, Defendant Jason R. Hyatt respectfully requests that the Court enter an Order modifying the Freeze Order to permit Mr. Hyatt to make use of the proceeds of Mr. Demnicki's $115,000 loan.

Respectfully submitted,

JASON R. HYATT


By: s/Thomas More Leinenweber
Thomas More Leinenweber

Thomas More Leinenweber
Leinenweber & Baroni, LLC
321 Plymouth Court, Suite 1515
Chicago, Illinois 60604
(312) 663-3003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLIONIOS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JASON HYATT, ) <br> JAY JOHNSON, and ) <br> HYATT JOHNSON CPAITAL, LLC. ) <br> ) <br> Defendants. ) | No. 08-cv-2224 <br><br> Judge Lindberg <br> Magistrate Judge Mason |

### AFFIDAVIT OF MICHAEL DEMNICKI

I, Michael Demnicki, depose and state, under penalty of perjury, as follows:

1. I am over the age of 18 and have personal knowledge of the facts set forth herein.

2. On Friday, April 18, 2008 this Court granted the United States Securities and Exchange Commission's ("SEC") emergency ex parte motion to freeze the assets of Jason Hyatt and Hyatt Johnson Capital (hereinafter, the "Freeze Order").

3. Prior to the motion and Freeze Order, on or about Tuesday, April 15, 2008 I executed a personal check in the amount of One Hundred and Fifteen Thousand Dollars ($115,000) from my personal checking account at Harris Bank of Schaumburg (account number 2910162615) in an attempt to provide a loan to Mr. Hyatt. The funds did not clear the banking system until Friday afternoon at approximately the same time the Court issued the Freeze Order.

4. This transfer of funds was a personal loan to Mr. Hyatt. Mr. Hyatt and his family are close friends of mine and in need of financial assistance. I extended the loan to Mr. Hyatt with the expectation that he would use the funds to cover personal expenses—including the expenses associated with the recent birth of his fourth child.

5. At the time I executed the check I was not aware of the Freeze Order. Thus, my actions in extending a loan to Mr. Hyatt were in no way intended to circumvent the authority of this Court. The funds I transmitted to Mr. Hyatt were unrelated to Hyatt Johnson Capital or the subject matter of the SEC's Complaint that formed the basis of the Freeze Order.

6. Based on the foregoing, I request that the court modify the Freeze Order so that Mr. Hyatt can make use of the $115,000 I loaned him.

**FURTHER AFFIANT SAYETH NOT**

_____
Michael Demnicki

Subscribed and sworn to
before me this __6__ day
of __May__, 2008.

_____
Notary Public

OFFICIAL SEAL
AMIDHARA DALAL
Notary Public - State of Illinois
My Commission Expires Aug 18, 2008