**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES ) <br> AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> JASON R. HYATT, JAY JOHNSON, and ) <br> HYATT JOHNSON CAPITAL, LLC, ) <br> ) <br> Defendants. ) | Case No. 1:08-cv-2224 <br><br> Honorable George W. Lindberg <br><br> Magistrate Judge Michael T. Mason |

## THE RECEIVER'S MOTION TO SUPPLEMENT RECEIVER ORDER

In order to implement the Receiver Order (as defined below) Robert Handler, Esq. (the "Receiver"), through his undersigned proposed counsel, respectfully requests that this Court enter an Order including in his existing receivership, responsibilities as receiver for HJC Asset Holdings, LLC and HJC Asset Holdings Manager, Inc. In support thereof, the Receiver states as follows:

1. On May 5, 2008, at the request of the plaintiff U.S. Securities Exchange Commission (the "SEC"), this Court entered an Agreed Order Appointing Receiver Over Defendant Hyatt Johnson Capital LLC (the "Receiver Order") in which the Receiver *inter alia* was appointed as receiver for defendant Hyatt Johnson Capital LLC, an Illinois limited liability company ("HJ Capital"). Exhibit A to this Motion is a copy of the Receiver Order.

2. HJ Capital is the manager of a series of Illinois limited liability companies (the "HJ LLCs"). The investor members of the HJ LLCs are the parties that the SEC seeks to protect through this proceeding. Presently, the sole assets of the HJ LLCs are their membership interests in HJC Asset Holdings LLC, an Illinois limited liability company ("HJC Holdings"). HJC Holdings holds, indirectly through its ownership of several direct and indirect subsidiaries, the

beneficial interest in several trusts and an Irish corporation that hold title to six (6) commercial aircraft subject to existing leases. These aircraft and leases are indirectly the principal assets of value of HJC Holdings and, therefore, the HJ LLCs in which the investors have ownership interests. The sole manager of HJC Holding is HJC Asset Holdings Manager, Inc., an Illinois corporation ("HJC Manager").

3. The direct and indirect subsidiaries of HJC Holdings are BCI Investment 2005-I, LLC, a Delaware limited liability company, BCI 2004-8 Investment, LLC, a Delaware limited liability company, BCI Investment IRL MSN 477/488 2006, LLC, a Delaware limited liability company, BCI 2005-1, LLC, a Delaware limited liability company, and BCI 2004-8, LLC, a Delaware limited liability company (collectively, the "Subsidiaries"), and BCI IRL MSN 477/488-2006, Limited, an Irish company (the "Irish Subsidiary"). HJC Manager is the manager for all the Subsidiaries.

4. The Receiver seeks, through this Motion, to supplement the Receiver Order such that his receivership extends to his being receiver of both HJC Holdings and HJC Manager and as a result of such receiver, include serving as manager for the Subsidiaries (other than the Irish Subsidiary).

5. The Receiver Order appoints the Receiver as receiver for HJ Capital, but not for HJC Holdings or HJC Manager. Paragraph II.F of the Receiver Order provides that the Receiver shall serve as "manager of HJC Asset Holdings Manager, Inc." On further review, this is insufficient because HJC Manager is a corporation and, therefore, does not operate at the direction of a "manager". Additionally, the Receiver must have authority as receiver over HJC Holdings and HJC Manager because it is HJC Holdings that ultimately owns the principal assets

that must be preserved for the investors in the HJ LLCs and HJC Manager is the manager of HJC Holdings and all the domestic Subsidiaries.

6.      Accordingly, the Receiver moves this Court to expand the Receiver Order so that he is appointed receiver of HJC Manager and HJC Holdings, as well as HJ Capital.

WHEREFORE; Robert Handler, Esq. respectfully requests that this Court enter an Order, substantially in the form attached hereto, supplementing the Receiver Order so that the Receiver is also appointed receiver for HJC Asset Holdings, LLC and HJC Asset Holdings Manager, Inc.; and for such other and further relief that this Court deems necessary and proper.

                                                Respectfully submitted,

                                                **ROBERT HANDLER**

                                                By:     */s/ Paula K. Jacobi*
                                                        One of his proposed attorneys

Paula K. Jacobi, Esq.
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400

129073-1                                        3

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : CASE NO. 1:08-cv-2224 <br> : |
| JASON R. HYATT, <br> JAY JOHNSON, and <br> HYATT JOHNSON CAPITAL, LLC | : <br> : Honorable George W. Lindberg <br> : <br> : Magistrate Judge Michael T. Mason |
| Defendants. | : <br> : |

### AGREED ORDER APPOINTING RECEIVER OVER
### DEFENDANT HYATT JOHNSON CAPITAL LLC

This Cause coming to be heard upon the Agreed Order Appointing Receiver over Defendant Hyatt Johnson Capital LLC ("Order") agreed to by Plaintiff U.S. Securities and Exchange Commission, Defendant Jason R. Hyatt, and Defendant Jay D. Johnson:[1]

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that as of one business day from the date of this Order and pending the determination of the SEC's action on the merits, or such other time as the Court may order, Robert Handler, Esq. be appointed Receiver over HJ Capital.

**II.**

---

[1] At this time, Defendant Hyatt Johnson Capital, LLC is not represented by counsel. However, Defendants Hyatt and Johnson, who are agreeing to this Order, represent that (i) Hyatt Johnson Capital, LLC is wholly owned and controlled by Defendants Hyatt and Johnson, (ii) HJC Asset Holdings Manager, Inc., is wholly owned and controlled by Defendants Hyatt and Johnson, and (iii) HJC Asset Holdings Manager, Inc. is the sole manager of HJC Asset Holdings LLC.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Receiver shall take control of HJ Capital's operations, funds, assets and property wherever situated, with the powers set forth herein, including powers over all funds, assets, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, and other property belonging to or in the possession of or control of HJ Capital, and the Receiver is hereby authorized, empowered, and directed:

A. to have access to and take control of all funds, assets, business premises owned, leased, or otherwise controlled by HJ Capital, choses in action, books, records, papers, and other property of HJ Capital, with full power to monitor and approve each transaction, disbursement or receipt of funds, or any other disposition relating to such funds, assets or property, and with full power to take such steps as he deems necessary to secure such premises, funds and property;

B. to have control of, and to be added as an authorized signatory for, all accounts of HJ Capital at any bank, brokerage firm or financial institution which has possession, custody or control of any HJ Capital assets or funds, wherever situated;

C. to take such action as is necessary and appropriate to marshal, recover, preserve and take control of, and to prevent the dissipation, concealment, or disposition of any assets of, and pursue claims on behalf of, HJ Capital;

D. to make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by him, and to incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging his duties as Receiver;

E. to engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, counsel and accountants; and

F. to serve as manager of HJC Asset Holdings Manager, Inc., as well as all entities previously managed or controlled by HJ Capital, including, but not limited to: Hyatt Johnson A3 2003 LLC, Hyatt Johnson SAS 2003 LLC, Hyatt Johnson BA 2005 LLC, Hyatt Johnson Continental

2005 LLC, Hyatt Johnson T2 LLC, Hyatt Johnson United 2005 LLC, Hyatt Johnson USA 2004 LLC, Hyatt Johnson USA 2005 LLC, Hyatt Johnson Brown D26 LLC, Hyatt Johnson 26 LLC, Hyatt Johnson Finance I – Series A, Hyatt Johnson Finance I – Series B, Hyatt Johnson Finance I – Series C, Hyatt Johnson Park Avenue LLC, Hyatt Johnson Ventures I LLC, Hyatt Johnson Ventures II LLC, Hyatt Johnson Ventures III LLC, Strategic Aircraft Investors LLC, and Hyatt Johnson A3D 2003 II LLC.

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in connection with the appointment of the Receiver provided for above:

A. HJ Capital and their officers, agents, servants, employees, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of HJ Capital shall forthwith give access to and control of such property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of HJ Capital;

B. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of or for the benefit of HJ Capital shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

C. Unless and as authorized by the Receiver, HJ Capital shall not take any action, or purport to take any action, in the name of or on behalf of HJ Capital;

D. HJ Capital, and their respective officers, agents, servants, employees, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, by appearing for deposition testimony and producing documents, upon four days' faxed notice (however, nothing in this order shall affect the Fifth Amendment Privileges against self incrimination of Jason R. Hyatt or Jay D. Johnson), and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of his or her duties or to interfere in any manner, directly or indirectly, with the custody, possession,

3

    management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

 E. HJ Capital shall pay the costs, fees and expenses of the Receiver incurred in connection with the performance of his duties described herein, including the costs and expenses of those persons who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations hereunder. All applications for costs, fees and expenses for services rendered in connection with the Receiver shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court;

 F. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by HJ Capital or its officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of his or her duties and responsibilities hereunder.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pending the determination of the Commission's action on the merits, representatives of the Receiver are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of HJ Capital, and continuing access to inspect HJ Capital's funds, property and assets, wherever they may be located.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants HJ Capital, Jason Hyatt and Jay Johnson shall transfer to the Receiver, as and when directed by him, any and all funds, property, documents or records of HJ Capital that are in their possession, custody or control; and that Defendants Jason Hyatt and Jay Johnson shall forthwith take all steps necessary to relinquish their signatory authority as to all accounts at banks, brokerage firms or financial institutions which have possession,

4

custody or control of any assets or funds in their name or in the name of or for the benefit of HJ Capital.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED:

_____
HON. GEORGE W. LINDBERG
SENIOR U. S. DISTRICT JUDGE

**Dated: May 5, 2008**

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:08-cv-2224 |
| v. | ) ) | Honorable George W. Lindberg |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC, | ) ) ) | Magistrate Judge Michael T. Mason |
| Defendants. | ) ) | |

## ORDER

THIS MATTER COMING TO BE HEARD pursuant to The Receiver's Motion to Supplement Receiver Order (the "Motion")[1]; due notice having been given to all entitled thereto; and this Court being fully advised in the premises;

IT IS HEREBY ORDERED:

(1)   The Motion is granted.

(2)   The Receiver Order is supplemented as follows:

　　a.   The Receiver is hereby authorized empowered and directed to take control of HJC Holdings' and HJC Manager's operations, funds, assets and property, wherever situated, with the powers set forth in the Receiver Order, including powers over all funds, assets, premises (whether owned, leased occupied, or otherwise controlled), choses in action, books records, and other property belong to or in the possession of or control of HJC Holdings and/or HJC Manager.

　　b.   All the particular duties set forth in Part II of the Receiver Order shall apply to the Receiver's duties vis-à-vis HJC Holdings and HJC Manager, excluding Paragraph II.F, with "HJ Capital" now meaning "HJ Capital, HJC Holdings and HJC Manager".

　　c.   The Receiver is authorized, empowered and directed to serve as manager for BCI Investment 2005-I, LLC, a Delaware limited liability company, BCI 2004-8 Investment, LLC, a Delaware limited liability company, BCI

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings set forth in the Motion.

129076-1

Investment IRL MSN 477/488 2006, LLC, a Delaware limited liability company, BCI 2005-1, LLC, a Delaware limited liability company, and BCI 2004-8, LLC, a Delaware limited liability company.

Dated: _____, 2008  ENTER:

_____
Hon. George W. Lindberg
Senior U.S. District Judge