UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Plaintiff, | : : |
| v. | : CASE NO. 1:08-cv-2224 : |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC | : : Honorable George W. Lindberg : : Magistrate Judge Michael T. Mason |
| Defendants. | : : |

## SEC'S MEMORANDUM IN OPPOSITION TO DEFENDANT HYATT'S MOTION TO MODIFY ASSET FREEZE

Plaintiff, the United States Securities and Exchange Commission ("SEC"), respectfully submits this memorandum in opposition to Defendant Jason R. Hyatt's ("Defendant Hyatt") Motion to Modify Asset Freeze ("Motion"). The SEC respectfully asks this Court to continue this Motion for two weeks, until May 28, 2008, or until such time as Michael Demnicki ("Demnicki") produces all documents responsive to the SEC's April 25, 2008 subpoena, so that the SEC is able to verify the source of the funds that Defendant Hyatt seeks to release from the asset freeze.

Defendant Hyatt seeks, in his Motion, to modify the April 18, 2008 asset freeze over his bank accounts in order to release funds from one of his bank accounts. According to the affidavit of Michael Demnicki attached in support of Defendant Hyatt's Motion, Mr. Demnicki provided a $115,000 check to Defendant Hyatt on April 16, 2008, purportedly as a personal loan to Hyatt. Defendant Hyatt asserts, then, that these funds cannot be investor funds and thus should be released. Of course, there is a presumption that any funds frozen under the April 18,

2008 asset freeze order should remain frozen. In addition, the SEC has concerns regarding the source of the funds that Defendant Hyatt seeks to have released, and thus opposes his Motion.

The SEC's complaint against the Defendants alleges, among other things, that Defendant Hyatt misappropriated approximately $5.4 million from investors. See Docket No. 1 at ¶¶ 1, 46-88. The SEC's complaint alleges that Defendant Hyatt used these stolen funds for his personal expenses, and for many of the expenses of Panacea Partners, the company which operates the Chicago restaurant DeLaCosta. See id. at ¶¶ 56-60, 112. Defendant Hyatt owns a majority interest in Panacea Partners. See Exhibit 1 at ¶ 5. Specifically, the SEC's complaint alleges that in early 2006, Defendant Hyatt misappropriated $2 million from one investor, transferring those funds to a bank account for Panacea Partners. See Docket No. 1 at ¶¶ 56-60. The $2 million was then spent primarily on startup and other expenses of Panacea Partners. See id.

The SEC is concerned, in light of Defendant Hyatt and Mr. Demnicki's close business ties and Defendant Hyatt's misappropriation of investor funds to finance those businesses. Mr. Demnicki is one of Defendant Hyatt's business partners in Panacea Partners, and is a manager and part owner of the company.[1] See Exhibit 1 at ¶ 5. Demnicki and Defendant Hyatt are also business partners in other ventures, including DRG Group and Arlington Aviation, and both have signatory authority over numerous related bank accounts. See id. at ¶ 4. DRG Group has acted as a manager and/or consultant to Panacea Partners, and was ostensibly paid by Panacea Partners for those services. See id. at ¶ 5. Because Mr. Hyatt has repeatedly asserted his Fifth Amendment privilege against self-incrimination, and ostensibly is not waiving that privilege in connection with this Motion, the only source of relevant information is Mr. Demnicki.

The SEC's concerns are heightened by Mr. Demnicki's continued refusal to respond to

---

[1] Mr. Demnicki and Defendant Hyatt previously worked together at BCI Aircraft Leasing, Inc. ("BCI") from approximately 2001 through 2003. Mr. Demnicki was the General Counsel for BCI and Defendant Hyatt was Director of Corporate Finance. See Exhibit 1 at ¶ 4.

the SEC's subpoenas to him. On February 20, 2008, the SEC issued a subpoena to Mr. Demnicki calling for documents related to, among other things, Panacea Partners and the circumstances surrounding the $2 million in stolen investor funds transferred to Panacea Partners in February 2006. See Exhibit 1 at ¶ 6. In particular, Mr. Demnicki, one of the owners and managers of Panacea Partners, transferred at least $100,000 to the company in 2006. See id. However, Mr. Demnicki refused to produce any documents to the SEC, even concerning his $100,000 transfer to Panacea Partners, claiming that all responsive documents were privileged because at all relevant times, Mr. Demnicki was purportedly "acting as an attorney for Mr. Hyatt" and thus all information was "obtained in connection with [his] representation of Mr. Hyatt." See id. In addition, more recently on April 25, 2008, the SEC issued a subpoena to Mr. Demnicki calling for documents related to, among other things, the April 16, 2008 loan to Defendant Hyatt, and Mr. Demnicki's bank account from which that loan originated, in order to ascertain the source of these loan funds. See id. at ¶ 7. Mr. Demnicki has not yet responded to this subpoena. On May 9, Mr. Demnicki's recently hired counsel informed the SEC that some of the responsive documents will be provided to the SEC on May 14, 2008, with the remainder by May 23, 2008. See id.

     Accordingly, for all of these reasons, the SEC is concerned that the funds transferred from Mr. Demnicki's account to Defendant Hyatt's bank account may be nothing more than recirculated stolen investor funds related to the allegations in the SEC's complaint. Because of Mr. Demnicki's longtime business association with Defendant Hyatt, specifically regarding Panacea Partners, which directly received stolen investor funds, and DRG Group, which may have indirectly received stolen investor funds, it is likely that Mr. Demnicki, either knowingly or unknowingly, received stolen investor funds as well. Consequently, if Defendant Hyatt is

permitted to have access to those funds, he may further dissipate funds belonging to investors. Considering the fact that Defendant Hyatt violated the Court's April 18, 2008 asset freeze within hours of receiving notice of the asset freeze order, the SEC is concerned that Defendant Hyatt may now be attempting to circumvent the asset freeze order by receiving recirculated stolen investor funds from Mr. Demnicki.  See Docket No. 9-10.

Therefore, the SEC respectfully asks this Court to continue Defendant Hyatt's Motion for two weeks, until May 28, or until such time as Mr. Demnicki produces all documents responsive to the SEC's April 25, 2008 subpoena, so that the SEC is able to verify the source of the funds that Defendant Hyatt seeks to release from the asset freeze.

    Respectfully submitted,

    s/ Robin Andrews
    Gregory von Schaumburg, IL Bar No. 3127782
    Robin Andrews, IL Bar No. 6285644
    Attorneys for Plaintiff
    U.S. SECURITIES AND
    EXCHANGE COMMISSION
    175 W. Jackson Blvd., Suite 900 Chicago, IL 60604
    Telephone: (312) 353-7390

Dated:  May 12, 2008

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : CASE NO. 1:08-cv-2224 <br> : |
| JASON R. HYATT, <br> JAY JOHNSON, and <br> HYATT JOHNSON CAPITAL, LLC | : Honorable George W. Lindberg <br> : <br> : Magistrate Judge Michael T. Mason |
| Defendants. | : <br> : |

## DECLARATION OF SCOTT J. HLAVACEK IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MOTION TO MODIFY ASSET FREEZE

I, Scott J. Hlavacek, do hereby declare under the penalty of perjury, in accordance with 28 U.S.C § 1746, that the following is true and correct:

1. I am an Accountant with the United States Securities and Exchange Commission ("Commission") in the Chicago Regional Office, located at 175 West Jackson Blvd., Suite 900, Chicago, Illinois, 60604. I have been employed with the Commission since 1993. My official duties with the Commission include participating in fact-finding inquiries and investigations to determine whether the federal securities laws have been, are currently, or are about to be violated, and assisting in the Commission's litigation of securities laws violations.

2. I received a BA degree from Illinois Wesleyan University and an MBA degree from DePaul University. I am a Certified Public Accountant. I worked in the banking industry for six years and have worked as an investigator of financial fraud for the Federal Government for the past eighteen years.

3. I was assigned to investigate and analyze certain financial transactions concerning the offering of investments to individuals by BCI Aircraft Leasing, Inc. ("BCI"), Hyatt Johnson Capital, LLC ("HJ Capital") and its affiliated companies, Jason R. Hyatt ("Hyatt"), and Jay Johnson ("Johnson"). In performing this assignment, I learned of the investments described in this declaration. I have reviewed records produced by BCI, HJ Capital and Johnson, bank records for BCI, HJ Capital, Hyatt, and Johnson, documents produced by investors, and other accounting and financial records. I have also spoken with HJ Capital investors. Based on my review of these records and the Commission's files, as well as conversations with investors and Commission personnel, I am informed and believe and, therefore, state the information set forth below in this Declaration.

4. Mr. Michael Demnicki provided a $115,000 check to Defendant Hyatt on April 16, 2008, purportedly as a personal loan to Defendant Hyatt. Mr. Hyatt has not provided any documents or testimony to support this claim. During the course of our investigation I have learned that Mr. Demnicki and Mr. Hyatt previously worked together at BCI Aircraft Leasing, Inc. ("BCI") from approximately 2001 through 2003. Mr. Demnicki was the General Counsel for BCI and Defendant Hyatt was Director of Corporate Finance. Mr. Demnicki is an investor in several of the Hyatt Johnson

2

investments. Mr. Demnicki and Mr. Hyatt are also business partners in several entities, including Hyatt Johnson Ventures III, Panacea Partners, DRG Group and Arlington Aviation, and together have signatory authority over at least 10 bank accounts at three financial institutions.

5. Mr. Demnicki is one of only four investors in Hyatt Johnson Ventures III along with Mr. Hyatt and Mr. Johnson. Mr. Hyatt is the majority owner of Panacea Partners and Mr. Demnicki is a manager and part owner of the company. DRG Group was established by Mr. Demnicki and has a contract with Panacea Partners to act as a manager and/or consultant to Panacea Partners, and has received funds from Panacea Partners.

6. On February 20, 2008, the SEC issued a subpoena to Mr. Demnicki calling for documents related to, among other things, Panacea Partners and the circumstances surrounding the $2 million in investor funds transferred to Panacea Partners in February 2006. On July 12, 2006, Mr. Demnicki, one of the owners and managers of Panacea Partners, transferred $100,000 to the company. However, Mr. Demnicki refused to produce any documents to the SEC, including concerning his $100,000 transfer to Panacea Partners, claiming that all responsive documents were privileged because at all relevant times, Mr. Demnicki was "acting as an attorney for Mr. Hyatt" and thus all information was "obtained in connection with representation of Mr. Hyatt."

7. On April 25, 2008, the SEC issued a subpoena to Mr. Demnicki calling for documents related to, among other things, the April 16, 2008 loan to Defendant Hyatt, and Mr. Demnicki's bank account from which that loan originated, in order to ascertain

3

the source of these loan funds. Mr. Demnicki has not yet responded to this subpoena. On Friday, May 9, 2008 the SEC was contacted by counsel for Mr. Demnicki who requested an extension to the due date of the subpoena and informed the SEC that some of the responsive documents would be provided to the SEC on May 14, 2008, with the remainder provided by May 23, 2008.

I, Scott J. Hlavacek, declare under penalty of perjury that the foregoing is true and correct. Executed on the 12th day of May, 2008.

SCOTT J. HLAVACEK
Securities and Exchange Commission
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: 312/353-7390