**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES | ) | |
| AND EXCHANGE COMMISSION, | ) | |
| | ) | Case No. 1:08-cv-2224 |
| Plaintiff, | ) | |
| v. | ) | Honorable George W. Lindberg |
| | ) | |
| JASON R. HYATT, JAY JOHNSON, and | ) | Magistrate Judge Michael T. Mason |
| HYATT JOHNSON CAPITAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## THE RECEIVER'S MOTION TO SUPPLEMENT RECEIVER ORDER

In order to implement the Receiver Order (as defined below)(Exhibit A hereto), Robert

Handler, Esq. (the "Receiver"), through his undersigned counsel, respectfully requests that this

Court enter an Order (1) including in his existing receivership, responsibilities as receiver for

HJC Asset Holdings Manager, Inc. ("HJC Manager"), (2) authorizing the Receiver to take

control of all of the bank accounts of (i) HJC Asset Holdings, LLC ("HJC Holdings") as receiver

of the manager of HJC Holdings, (ii) HJC Manager, and (iii) various limited liability companies

and corporation controlled by (a) defendant, Hyatt Johnson Capital  LLC ("HJ Capital"), or (b)

HJC Manager, (3) authorizing the Receiver to commence the process to sell the aircraft

indirectly owned by HJC Holdings pursuant to his powers as receiver of the manager of HJC

Holdings, (4) authorizing the Receiver to release funds held in escrow with respect to the failed

sale of the aircraft leased to (a) British Airways, and (b) Alitalia, if the Receiver deems such

release appropriate, and (5) authorizing the Receiver to apply to the Court every thirty (30) days

for reimbursement of costs and expenses.  In support thereof, the Receiver states as follows:

A.    Expansion of Receivership to Cover HJC Manager

1.    On May 5, 2008, at the request of the plaintiff U.S. Securities Exchange Commission (the "SEC"), this Court entered an Agreed Order Appointing Receiver Over HJ Capital (the "Receiver Order") in which the Receiver *inter alia* was appointed as receiver for HJ Capital.  Exhibit A to this Motion is a copy of the Receiver Order.

2.    HJ Capital is the manager of a series of Illinois limited liability companies (the "HJ LLCs").  The investor members of the HJ LLCs and the other individuals solicited by HJ Capital (collectively, the "Investors") are the parties that the SEC seeks to protect through this proceeding.  Based on current information, the sole assets of certain of the HJ LLCs are their membership interests in HJC Holdings and cash held in various bank accounts.  HJC Holdings holds, indirectly through its ownership of several direct and indirect subsidiaries, the beneficial interest in two trusts and an Irish corporation that hold title to six (6) commercial aircraft (the "Aircraft") subject to existing leases.  These Aircraft and leases are indirectly the principal assets of value of HJC Holdings and the principal value for certain HJ LLCs in which certain Investors have ownership interests.  The sole manager of HJC Holding is HJC Manager.  HJC Manager is owned by Jay Johnson and Jason R. Hyatt.  For clarification of certain of these relationships, an organizational chart of the entities controlled by HJ Capital, Jay Johnson and Jason R. Hyatt is attached hereto as Exhibit B.  This Exhibit does not include various other entities that may be controlled by HJ Capital, but which do not have an interest in HJC Holdings.

3.    The Receiver, through this Motion, seeks to supplement the Receiver Order such that his receivership extends to his being the receiver of HJC Manager and as a result of being such receiver, exercising HJC Manager's rights as manager for various other limited liability companies owned directly or indirectly by HJC Holdings (collectively, the "Subsidiaries").

4.     The Receiver Order appointed the Receiver as receiver for HJ Capital, but not for HJC Manager.  Paragraph II.F of the Receiver Order provides that the Receiver shall serve as "manager of HJC Asset Holdings Manager, Inc."  On further review, this is insufficient because HJC Manager is a corporation and, therefore, does not operate at the direction of a "manager". Additionally, the Receiver must have authority as receiver over the manager of HJC Holdings, HJC Manager, because it is HJC Holdings that ultimately owns the principal assets that must be preserved for the Investors in certain of the HJ LLCs.

5.     Accordingly, the Receiver moves this Court to expand the Receiver Order so that he is appointed receiver of HJC Manager, as well as HJ Capital.

B.     Expansion of the Bank Accounts Covered by the Receivership Order

6.     The Receiver Order gave the Receiver the power to "take control of all funds … controlled by HJ Capital" and "to have control of, and to be added as an authorized signatory for, all the accounts of HJ Capital at any bank… ."  In addition to accounts of HJ Capital, funds have been uncovered in accounts owned by HJC Holdings and the HJ LLCs.  The various subsidiaries of HJC Holdings may also have bank accounts.

7.     Citibank, N.A., which holds the accounts controlled by HJ Capital or HJ Manager for the benefit of the HJ LLCs, HJ Capital and HJC Holdings, has requested clarification of the Receiver Order with respect to the various accounts that (i) HJ Capital, HJC Manager, Jason R. Hyatt and/or Jay Johnson controlled and (ii) are owned by HJ Capital, the HJ LLC's, HJC Manager,  HJC Holdings or the Subsidiaries (collectively, the "HJC Accounts").  A partial listing of the HJC Accounts is attached hereto as Exhibit C.

8.     Accordingly, the Receiver moves this Court to expand the Receiver Order so that the Receiver shall have sole control of all funds in the HJC Accounts and shall be the sole

authorized signatory on all the HJC Accounts, whether such HJC Accounts exist at Citibank,

N.A. or some other financial institution.

      C.     Expansion of the Role of the Receiver to Include Sale of the Assets of HJC
             Holdings and the Entities Owned by HJC Holdings

      9.     Paragraph II.D of the Receiver Order provides that the Receiver may "make or

authorize such payments and disbursements from the funds and assets taken into control, or

thereafter received by him, … in discharging his duties as Receiver".  This portion of the

Receiver Order grants the Receiver the authority to take control of the assets controlled by HJ

Capital.

      10.    Many of the tangible assets purchased with the funds of the Investors are held

indirectly by HJC Holdings and controlled by HJC Manager.  The owners of HJC Holdings are

certain of the HJ LLCs controlled by HJ Capital.  It seems highly improbable that the HJ LLCs

will ever operate again as investment entities.  The Receiver, therefore, asks that the Receiver

Order be expanded to not only allow the Receiver to take control of such assets but also to sell

the aircraft owned indirectly by HJC Holdings for eventual return of the proceeds of such sale,

after the payment of amounts required with respect to such sale and/or required for operation of

the receivership, to the Investors; provided, however, that the Receiver shall seek Court approval

prior to completing any sale of the Aircraft indirectly owned by HJC Holdings.

      11.    Part of the urgency of granting such power to the Receiver now arises because the

lease and the financing for the Aircraft leased to British Airways expires in October, 2008.

      12.    Accordingly, the Receiver moves this Court to expand the Receiver Order so that

he is authorized to commence the sale of the Aircraft indirectly owned by HJC Holdings.

      D.     Release of Funds from Various Escrow Accounts with Respect to the Terminated
             Sales of Aircraft

13.     Prior to the appointment of the Receiver, HJC Manager was attempting to sell various Aircraft owned indirectly by HJC Holdings.  None of these sales was ever completed.

14.     In connection with a proposed sale of an Aircraft leased by a Subsidiary to British Airways, HJC Holdings entered into an Escrow Agreement (the "Pineapple Escrow Agreement"), dated as of March 7, 2008, among (a) Wells Fargo Bank Northwest, National Association, as owner trustee, (b) HJC Holdings, (c) Pineapple Ltd, as purchaser, and (d) Insured Aircraft Title Service, Inc., as escrow agent.

15.     Pineapple Ltd. has asserted in writing to HJC Holdings that a "Termination Event" has occurred under the Pineapple Escrow Agreement, and that HJC Holdings is obligated to cause the escrow agent to remit to Pineapple Ltd. Pineapple Ltd.'s escrow deposit and accrued interest thereon.

16.     The Receiver has determined that the closing did not occur through no fault of Pineapple, Ltd. and that Pineapple Ltd. has a right to the return of its escrow deposit with interest thereon.

17.     In connection with a letter of intent between HJC Holdings and the Esperanza Fund, LLC wherein the Esperanza Fund, LLC proposed to purchase various Aircraft leased to Alitalia, the Esperanza Fund, LLC deposited $250,000 with the Bank of Utah as escrow agent. The letter of intent with the Esperanza Fund, LLC has been terminated.

18.     The Receiver is investigating the cause of the termination of this letter of intent.

19.     The Receiver desires to be authorized to return the escrow deposit of the Esperanza Fund, LLC to the Esperanza Fund, LLC if, based upon the investigations of the Receiver, the Receiver determines in his business judgment that HJC Holdings is not entitled to retain such funds.

20.     Accordingly, the Receiver moves this Court to expand the Receiver Order so that he is authorized (i) to return to Pineapple Ltd. its escrow deposit with interest, and (ii) to return to the Esperanza Fund, LLC its escrow deposit with interest, if the Receiver in his discretion deems the return of such funds to Esperanza Fund, LLC appropriate.

E.     The Substantial Duties of the Receiver Require that the Receiver Be Paid for His Efforts on a Timely Basis

21.     The Receiver will be required to spend substantial amounts of time on the duties entrusted to him under the Receiver Order as it may be supplemented from time to time.  These duties will entail the expenditure of a significant number of hours because of the complexity and scope of the tasks entrusted to the Receiver and the large number of parties involved.  These duties will be performed over an indeterminate number of months given that the time required to complete many of his duties, such as the sale of Aircraft, is outside of the Receiver's control.  Consequently, the Receiver respectfully represents that it is fair and equitable that the Receiver be paid his fees and expenses on a regular basis.

22.     This Court has already authorized the Receiver to retain counsel to aid him in the performance of his duties.  Additionally, the Receiver will have to hire and pay other professionals with respect to many aspects of his duties and will have to hire additional staff to insure that his duties are competently and thoroughly performed.  Such professionals and other staff require timely payment no less frequently than monthly.

23.     The principal source of funds to pay the fees and expenses of the Receiver and the parties employed by him will be (i) management fees and expenses received by HJC Manager from HJC Holdings pursuant to inter alia Section 7.7 of the Operating Agreement of HJC and from the Subsidiaries as manager of such Subsidiaries Holdings, (ii) management fees and expenses received by HJ Capital from the various HJ LLs for which HJ Capital acts as manager

and (iii) funds held now held or hereafter acquired by HJ Capital or HJC Manager.  Such amounts shall only be paid to the Receiver upon further court order.

24.    Accordingly, the Receiver moves this Court to expand the Receiver Order so that the Receiver is authorized to apply to the Court every thirty (30) days for reimbursement of costs and expenses and for award of fees incurred by him and by those retained by him to assist him in his discharging his duties as Receiver.

WHEREFORE; Robert Handler, Esq. respectfully requests that this Court enter an Order, substantially in the form attached hereto, supplementing the Receiver Order so that the Receiver is (1) also appointed receiver for HJC Asset Holdings Manager, Inc.; (2) authorized to take control of all of the bank accounts of HJC Holdings, HJC Manager, the HJ LLCs and the Subsidiaries, (3) authorized to commence the sale of the Aircraft indirectly owned by HJC Holdings,  (4) authorized to release funds held in escrow with respect to the failed sale of the Aircraft leased to British Airways, and if the Receiver deems it appropriate, the failed sale of Aircraft leased to Alitalia, and (5) authorized to apply to the Court every 30 for reimbursement of costs and expenses, and for such other and further relief that this Court deems necessary and proper.

Respectfully submitted,

**ROBERT HANDLER**

By:    /s/ Paula K. Jacobi
          One of his attorneys

Paula K. Jacobi, Esq.
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400

129386v6                                    7

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Plaintiff, | : : |
| v. | : CASE NO. 1:08-cv-2224 : |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC | : : Honorable George W. Lindberg : : Magistrate Judge Michael T. Mason |
| Defendants. | : : |

## AGREED ORDER APPOINTING RECEIVER OVER
## DEFENDANT HYATT JOHNSON CAPITAL LLC

This Cause coming to be heard upon the Agreed Order Appointing Receiver over

Defendant Hyatt Johnson Capital LLC ("Order") agreed to by Plaintiff U.S. Securities

and Exchange Commission, Defendant Jason R. Hyatt, and Defendant Jay D. Johnson: ı

### I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that as of one

business day from the date of this Order and pending the determination of the SEC's

action on the merits, or such other time as the Court may order, Robert Handler, Esq. be

appointed Receiver over HJ Capital.

### II.

---

ı      At this time, Defendant Hyatt Johnson Capital, LLC is not represented by counsel.
However, Defendants Hyatt and Johnson, who are agreeing to this Order, represent that (i) Hyatt
Johnson Capital, LLC is wholly owned and controlled by Defendants Hyatt and Johnson, (ii) HJC
Asset Holdings Manager, Inc., is wholly owned and controlled by Defendants Hyatt and Johnson,
and (iii) HJC Asset Holdings Manager, Inc. is the sole manager of HJC Asset Holdings LLC.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the

Receiver shall take control of HJ Capital's operations, funds, assets and property

wherever situated, with the powers set forth herein, including powers over all funds,

assets, premises (whether owned, leased, occupied, or otherwise controlled), choses in

action, books, records, and other property belonging to or in the possession of or control

of HJ Capital, and the Receiver is hereby authorized, empowered, and directed:

A.  to have access to and take control of all funds, assets, business premises owned, leased, or otherwise controlled by HJ Capital, choses in action, books, records, papers, and other property of HJ Capital, with full power to monitor and approve each transaction, disbursement or receipt of funds, or any other disposition relating to such funds, assets or property, and with full power to take such steps as he deems necessary to secure such premises, funds and property;

B.  to have control of, and to be added as an authorized signatory for, all accounts of HJ Capital at any bank, brokerage firm or financial institution which has possession, custody or control of any HJ Capital assets or funds, wherever situated;

C.  to take such action as is necessary and appropriate to marshal, recover, preserve and take control of, and to prevent the dissipation, concealment, or disposition of any assets of, and pursue claims on behalf of, HJ Capital;

D.  to make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by him, and to incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging his duties as Receiver;

E.  to engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, counsel and accountants; and

F.  to serve as manager of HJC Asset Holdings Manager, Inc., as well as all entities previously managed or controlled by HJ Capital, including, but not limited to: Hyatt Johnson A3 2003 LLC, Hyatt Johnson SAS 2003 LLC, Hyatt Johnson BA 2005 LLC, Hyatt Johnson Continental

2

2005 LLC, Hyatt Johnson T2 LLC, Hyatt Johnson United 2005 LLC, Hyatt Johnson USA 2004 LLC, Hyatt Johnson USA 2005 LLC, Hyatt Johnson Brown D26 LLC, Hyatt Johnson 26 LLC, Hyatt Johnson Finance I – Series A, Hyatt Johnson Finance I – Series B, Hyatt Johnson Finance I – Series C, Hyatt Johnson Park Avenue LLC, Hyatt Johnson Ventures I LLC, Hyatt Johnson Ventures II LLC, Hyatt Johnson Ventures III LLC, Strategic Aircraft Investors LLC, and Hyatt Johnson A3D 2003 II LLC.

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in

connection with the appointment of the Receiver provided for above:

A.  HJ Capital and their officers, agents, servants, employees, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of HJ Capital shall forthwith give access to and control of such property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of HJ Capital;

B.  All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of or for the benefit of HJ Capital shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

C.  Unless and as authorized by the Receiver, HJ Capital shall not take any action, or purport to take any action, in the name of or on behalf of HJ Capital;

D.  HJ Capital, and their respective officers, agents, servants, employees, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, by appearing for deposition testimony and producing documents, upon four days' faxed notice (however, nothing in this order shall affect the Fifth Amendment Privileges against self incrimination of Jason R. Hyatt or Jay D. Johnson), and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of his or her duties or to interfere in any manner, directly or indirectly, with the custody, possession,

3

management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

E.   HJ Capital shall pay the costs, fees and expenses of the Receiver incurred in connection with the performance of his duties described herein, including the costs and expenses of those persons who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations hereunder. All applications for costs, fees and expenses for services rendered in connection with the Receiver shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court;

F.   No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by HJ Capital or its officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of his or her duties and responsibilities hereunder.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that,

pending the determination of the Commission's action on the merits, representatives of

the Receiver are authorized to have continuing access to inspect or copy any or all of the

corporate books and records and other documents of HJ Capital, and continuing access to

inspect HJ Capital's funds, property and assets, wherever they may be located.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants

HJ Capital, Jason Hyatt and Jay Johnson shall transfer to the Receiver, as and when

directed by him, any and all funds, property, documents or records of HJ Capital that are

in their possession, custody or control; and that Defendants Jason Hyatt and Jay Johnson

shall forthwith take all steps necessary to relinquish their signatory authority as to all

accounts at banks, brokerage firms or financial institutions which have possession,

4

custody or control of any assets or funds in their name or in the name of or for the benefit

of HJ Capital.

VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court

shall retain jurisdiction of this matter for all purposes.

**SO ORDERED:**

HON. GEORGE W. LINDBERG
**SENIOR U. S. DISTRICT JUDGE**

**Dated: May 5, 2008**

5

# EXHIBIT B



41740213

# EXHIBIT C

# EXHIBIT C

## LIST OF BANK ACCOUNTS *

| | Bank Account No. | FEIN |
|---|---|---|
| Hyatt Johnson Capital, LLC | xxxxxxx886 | xxxxxxx949 |
| Hyatt Johnson Ventures I, LLC | xxxxxxx738 | xxxxxxx143 |
| Hyatt Johnson Ventures II, LLC | No known bank account | xxxxxxx173 |
| Hyatt Johnson Ventures III, LLC | xxxxxxx750 | xxxxxxx225 |
| Hyatt Johnson Stonegate, LLC | xxxxxxx155 | xxxxxxx659 |
| Hyatt Johnson K13, LLC | xxxxxxx078 | xxxxxxx502 |
| Hyatt Johnson Park Avenue, LLC | xxxxxxx354 | xxxxxxx502 |
| Hyatt Johnson SAS 2003, LLC | xxxxxxx894 | xxxxxxx536 |
| Hyatt Johnson A3 2003, LLC | xxxxxxx584 | xxxxxxx447 |
| Hyatt Johnson A3D 2003 II, LLC | xxxxxxx770 | xxxxxxx883 |
| Hyatt Johnson Continental 2005, LLC | xxxxxxx644 | xxxxxxx875 |
| Hyatt Johnson USA 2004, LLC | xxxxxxx147 | xxxxxxx784 |
| Hyatt Johnson USA 2005, LLC | xxxxxxx174 | xxxxxxx842 |
| Hyatt Johnson BA 2005, LLC | xxxxxxx977 | xxxxxxx187 |
| Hyatt Johnson T2 2005, LLC | xxxxxxx572 | xxxxxxx052 |
| Hyatt Johnson United 2005, LLC | xxxxxxx528 | xxxxxxx341 |
| Hyatt Johnson 26, LLC | xxxxxxx035 | xxxxxxx173 |
| Brown HJ D26, LLC | xxxxxxx072 | xxxxxxx748 |
| Strategic Aircraft Investors, LLC | xxxxxxx629 | xxxxxxx335 |
| Hyatt Johnson AF 2004, LLC | xxxxxxx568 | xxxxxxx335 |
| HJ Finance I, LLC-Series A | xxxxxxx062 | xxxxxxx660 |
| HJ Finance I, LLC-Series B | xxxxxxx089 | xxxxxxx229 |
| HJ Finance I, LLC-Series C | xxxxxxx054 | xxxxxxx268 |
| HJC Asset Holdings, LLC | xxxxxxx261 | xxxxxxx673 |

*Account numbers and FEINs partially redacted

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES | ) | |
| AND EXCHANGE COMMISSION, | ) | |
| | ) | Case No. 1:08-cv-2224 |
| Plaintiff, | ) | |
| v. | ) | Honorable George W. Lindberg |
| | ) | |
| JASON R. HYATT, JAY JOHNSON, and | ) | Magistrate Judge Michael T. Mason |
| HYATT JOHNSON CAPITAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

THIS MATTER COMING TO BE HEARD pursuant to <u>The Receiver's Motion to Supplement Receiver Order</u> (the "Motion")[1]; due notice having been given to all entitled thereto; and this Court being fully advised in the premises;

IT IS HEREBY ORDERED:

(1)    The Motion is granted.

(2)    The Receiver Order (Exhibit 1 hereto) is supplemented as follows:

   a.    The Receiver is hereby authorized and empowered (i) to take control of HJC Manager's operations, funds, bank accounts, assets and property, wherever situated, with the powers set forth in the Receiver Order, including powers over all funds, assets, premises (whether owned, leased occupied, or otherwise controlled), choses in action, books, records, bank accounts and other property belong to or in the possession of or control of HJC Manager, (ii) to exercise the rights and powers of HJC Manager as manager of HJC Holdings and the Subsidiaries of which HJC Manager is the manager and (iii) to commence the sale of the aircraft indirectly owned by HJC Holdings.

   b.    Parts II and III of the Receiver Order shall apply to HJC Manager, excluding Paragraph II.F, with "HJ Capital" now meaning "HJ Capital and HJC Manager" for purposes of Parts II and III of the Receiver Order.

   c.    The Receiver is hereby authorized and empowered to have control of, and to be added as the sole authorized signatory for all accounts of HJ Capital and

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings set forth in the Motion.

HJC Manager and of any entity of which HJ Capital or HJC Manager is the manager, at any bank, brokerage firm or other financial institution which has possession, control or custody of the assets or funds of any of HJ Capital, HJC Manager, or any entity of which HJ Capital or HJ Manager is the manager, wherever situated, including without limitation of the foregoing, the accounts located at Citibank, N.A. set forth on Exhibit 2 hereto;

d.  The Receiver is hereby authorized and empowered to release the funds in the Pineapple Escrow Agreement, and if the Receiver deems it appropriate, the escrow deposit of the Esperanza Fund, LLC, to the respective depositors of such funds, with interest.

e.  Subject to the Receiver receiving a court order, HJC Manager and HJ Capital (jointly and severally) shall pay the costs, fees and expenses of the Receiver incurred in connection with the performance of his duties described in the Receiver Order as such order may be amended herein and from time to time, including, without limitation, the costs and expenses of those persons who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations under the Receiver Order as it may be amended from time to time.  The principal source of funds to pay the fees and expenses of the Receiver and the parties employed by him will be (i) management fees and expenses received by HJC Manager from HJC Holdings pursuant to inter alia Section 7.7 of the Operating Agreement of HJC and from the Subsidiaries as manager of such Subsidiaries Holdings, (ii) management fees and expenses received by HJ Capital from the various HJ LLs for which HJ Capital acts as manager and (iii) funds held now held or hereafter acquired by HJ Capital or HJC Manager.  All applications for costs, fees and expenses for services rendered in connection with the Receiver under such order shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.  The Receiver shall be entitled to apply to the Court every thirty (30) days for reimbursement of costs and expenses and for award of fees incurred by him and by those retained by him to assist him in his discharging his duties as Receiver and to have the applications heard so that fees and reimbursement for cost and expenses are not outstanding more than 60 days.

Dated: _____, 2008              ENTER:


                                           _____
                                           Hon. George W. Lindberg
                                           Senior U.S. District Judge

129387v6                          2

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 1:08-cv-2224 |
| | : | |
| JASON R. HYATT, | : | |
| JAY JOHNSON, and | : | Honorable George W. Lindberg |
| HYATT JOHNSON CAPITAL, LLC | : | |
| | : | Magistrate Judge Michael T. Mason |
| Defendants. | : | |
| | : | |

## AGREED ORDER APPOINTING RECEIVER OVER DEFENDANT HYATT JOHNSON CAPITAL LLC

This Cause coming to be heard upon the Agreed Order Appointing Receiver over Defendant Hyatt Johnson Capital LLC ("Order") agreed to by Plaintiff U.S. Securities and Exchange Commission, Defendant Jason R. Hyatt, and Defendant Jay D. Johnson: ₁

### I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that as of one business day from the date of this Order and pending the determination of the SEC's action on the merits, or such other time as the Court may order, Robert Handler, Esq. be appointed Receiver over HJ Capital.

### II.

---

1   At this time, Defendant Hyatt Johnson Capital, LLC is not represented by counsel. However, Defendants Hyatt and Johnson, who are agreeing to this Order, represent that (i) Hyatt Johnson Capital, LLC is wholly owned and controlled by Defendants Hyatt and Johnson, (ii) HJC Asset Holdings Manager, Inc., is wholly owned and controlled by Defendants Hyatt and Johnson, and (iii) HJC Asset Holdings Manager, Inc. is the sole manager of HJC Asset Holdings LLC.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the
Receiver shall take control of HJ Capital's operations, funds, assets and property
wherever situated, with the powers set forth herein, including powers over all funds,
assets, premises (whether owned, leased, occupied, or otherwise controlled), choses in
action, books, records, and other property belonging to or in the possession of or control
of HJ Capital, and the Receiver is hereby authorized, empowered, and directed:

    A.    to have access to and take control of all funds, assets, business
premises owned, leased, or otherwise controlled by HJ Capital,
choses in action, books, records, papers, and other property of HJ
Capital, with full power to monitor and approve each transaction,
disbursement or receipt of funds, or any other disposition relating
to such funds, assets or property, and with full power to take such
steps as he deems necessary to secure such premises, funds and
property;

    B.    to have control of, and to be added as an authorized signatory for,
all accounts of HJ Capital at any bank, brokerage firm or financial
institution which has possession, custody or control of any HJ
Capital assets or funds, wherever situated;

    C.    to take such action as is necessary and appropriate to marshal,
recover, preserve and take control of, and to prevent the
dissipation, concealment, or disposition of any assets of, and
pursue claims on behalf of, HJ Capital;

    D.    to make or authorize such payments and disbursements from the
funds and assets taken into control, or thereafter received by him,
and to incur, or authorize the incurrence of, such expenses and
make, or authorize the making of, such agreements as may be
reasonable, necessary and advisable in discharging his duties as
Receiver;

    E.    to engage and employ persons in his discretion to assist him in
carrying out his duties and responsibilities hereunder, including, but
not limited to, counsel and accountants; and

    F.    to serve as manager of HJC Asset Holdings Manager, Inc., as well as
all entities previously managed or controlled by HJ Capital, including,
but not limited to: Hyatt Johnson A3 2003 LLC, Hyatt Johnson SAS
2003 LLC, Hyatt Johnson BA 2005 LLC, Hyatt Johnson Continental

2

2005 LLC, Hyatt Johnson T2 LLC, Hyatt Johnson United 2005 LLC, Hyatt Johnson USA 2004 LLC, Hyatt Johnson USA 2005 LLC, Hyatt Johnson Brown D26 LLC, Hyatt Johnson 26 LLC, Hyatt Johnson Finance I – Series A, Hyatt Johnson Finance I – Series B, Hyatt Johnson Finance I – Series C, Hyatt Johnson Park Avenue LLC, Hyatt Johnson Ventures I LLC, Hyatt Johnson Ventures II LLC, Hyatt Johnson Ventures III LLC, Strategic Aircraft Investors LLC, and Hyatt Johnson A3D 2003 II LLC.

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in connection with the appointment of the Receiver provided for above:

A.    HJ Capital and their officers, agents, servants, employees, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of HJ Capital shall forthwith give access to and control of such property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of HJ Capital;

B.    All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of or for the benefit of HJ Capital shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

C.    Unless and as authorized by the Receiver, HJ Capital shall not take any action, or purport to take any action, in the name of or on behalf of HJ Capital;

D.    HJ Capital, and their respective officers, agents, servants, employees, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, by appearing for deposition testimony and producing documents, upon four days' faxed notice (however, nothing in this order shall affect the Fifth Amendment Privileges against self incrimination of Jason R. Hyatt or Jay D. Johnson), and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of his or her duties or to interfere in any manner, directly or indirectly, with the custody, possession,

3

management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

E.    HJ Capital shall pay the costs, fees and expenses of the Receiver incurred in connection with the performance of his duties described herein, including the costs and expenses of those persons who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations hereunder. All applications for costs, fees and expenses for services rendered in connection with the Receiver shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court;

F.    No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by HJ Capital or its officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of his or her duties and responsibilities hereunder.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that,

pending the determination of the Commission's action on the merits, representatives of

the Receiver are authorized to have continuing access to inspect or copy any or all of the

corporate books and records and other documents of HJ Capital, and continuing access to

inspect HJ Capital's funds, property and assets, wherever they may be located.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants

HJ Capital, Jason Hyatt and Jay Johnson shall transfer to the Receiver, as and when

directed by him, any and all funds, property, documents or records of HJ Capital that are

in their possession, custody or control; and that Defendants Jason Hyatt and Jay Johnson

shall forthwith take all steps necessary to relinquish their signatory authority as to all

accounts at banks, brokerage firms or financial institutions which have possession,

4

custody or control of any assets or funds in their name or in the name of or for the benefit of HJ Capital.

VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED:

HON. GEORGE W. LINDBERG
SENIOR U. S. DISTRICT JUDGE

**Dated: May 5, 2008**

5

# EXHIBIT 2

## EXHIBIT 2

## LIST OF BANK ACCOUNTS *

|  | <u>Account Number</u> | <u>FEIN</u> |
|---|---|---|
| Hyatt Johnson Capital, LLC | xxxxxxx886 | xxxxxxx949 |
| Hyatt Johnson Ventures I, LLC | xxxxxxx738 | xxxxxxx143 |
| Hyatt Johnson Ventures II, LLC | No known bank account | xxxxxxx173 |
| Hyatt Johnson Ventures III, LLC | xxxxxxx750 | xxxxxxx225 |
| Hyatt Johnson Stonegate, LLC | xxxxxxx155 | xxxxxxx659 |
| Hyatt Johnson K13, LLC | xxxxxxx078 | xxxxxxx502 |
| Hyatt Johnson Park Avenue, LLC | xxxxxxx354 | xxxxxxx502 |
| Hyatt Johnson SAS 2003, LLC | xxxxxxx894 | xxxxxxx536 |
| Hyatt Johnson A3 2003, LLC | xxxxxxx584 | xxxxxxx447 |
| Hyatt Johnson A3D 2003 II, LLC | xxxxxxx770 | xxxxxxx883 |
| Hyatt Johnson Continental 2005, LLC | xxxxxxx644 | xxxxxxx875 |
| Hyatt Johnson USA 2004, LLC | xxxxxxx147 | xxxxxxx784 |
| Hyatt Johnson USA 2005, LLC | xxxxxxx174 | xxxxxxx842 |
| Hyatt Johnson BA 2005, LLC | xxxxxxx977 | xxxxxxx187 |
| Hyatt Johnson T2 2005, LLC | xxxxxxx572 | xxxxxxx052 |
| Hyatt Johnson United 2005, LLC | xxxxxxx528 | xxxxxxx341 |
| Hyatt Johnson 26, LLC | xxxxxxx035 | xxxxxxx173 |
| Brown HJ D26, LLC | xxxxxxx072 | xxxxxxx748 |
| Strategic Aircraft Investors, LLC | xxxxxxx629 | xxxxxxx335 |
| Hyatt Johnson AF 2004, LLC | xxxxxxx568 | xxxxxxx335 |
| HJ Finance I, LLC-Series A | xxxxxxx062 | xxxxxxx660 |
| HJ Finance I, LLC-Series B | xxxxxxx089 | xxxxxxx229 |
| HJ Finance I, LLC-Series C | xxxxxxx054 | xxxxxxx268 |
| HJC Asset Holdings, LLC | xxxxxxx261 | xxxxxxx673 |

*Account numbers and FEINs partially redacted