UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) Case No. 1:08-cv-2224 |
| Plaintiff, | ) |
| v. | ) Honorable George W. Lindberg |
| | ) |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC, | ) Magistrate Judge Michael T. Mason<br>) |
| | ) |
| Defendants. | ) |

**ORDER**

THIS MATTER COMING TO BE HEARD pursuant to The Receiver's Motion to Supplement Receiver Order (the "Motion")[1]; due notice having been given to all entitled thereto; and this Court being fully advised in the premises;

IT IS HEREBY ORDERED:

(1)   The Motion is granted.

(2)   The Receiver Order (Exhibit 1 hereto) is supplemented as follows:

  a. The Receiver is hereby authorized and empowered (i) to take control of HJC Manager's operations, funds, bank accounts, assets and property, wherever situated, with the powers set forth in the Receiver Order, including powers over all funds, assets, premises (whether owned, leased occupied, or otherwise controlled), choses in action, books, records, bank accounts and other property belong to or in the possession of or control of HJC Manager, (ii) to exercise the rights and powers of HJC Manager as manager of HJC Holdings and the Subsidiaries of which HJC Manager is the manager and (iii) to commence the sale of the aircraft indirectly owned by HJC Holdings.

  b. Parts II and III of the Receiver Order shall apply to HJC Manager, excluding Paragraph II.F, with "HJ Capital" now meaning "HJ Capital and HJC Manager" for purposes of Parts II and III of the Receiver Order.

  c. The Receiver is hereby authorized and empowered to have control of, and to be added as the sole authorized signatory for all accounts of HJ Capital and

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings set forth in the Motion.

129387v6

      HJC Manager and of any entity of which HJ Capital or HJC Manager is the manager, at any bank, brokerage firm or other financial institution which has possession, control or custody of the assets or funds of any of HJ Capital, HJC Manager, or any entity of which HJ Capital or HJ Manager is the manager, wherever situated, including without limitation of the foregoing, the accounts located at Citibank, N.A. set forth on Exhibit 2 hereto;

d. The Receiver is hereby authorized and empowered to release the funds in the Pineapple Escrow Agreement, and if the Receiver deems it appropriate, the escrow deposit of the Esperanza Fund, LLC, to the respective depositors of such funds, with interest.

e. Subject to the Receiver receiving a court order, HJC Manager and HJ Capital (jointly and severally) shall pay the costs, fees and expenses of the Receiver incurred in connection with the performance of his duties described in the Receiver Order as such order may be amended herein and from time to time, including, without limitation, the costs and expenses of those persons who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations under the Receiver Order as it may be amended from time to time. The principal source of funds to pay the fees and expenses of the Receiver and the parties employed by him will be (i) management fees and expenses received by HJC Manager from HJC Holdings pursuant to inter alia Section 7.7 of the Operating Agreement of HJC and from the Subsidiaries as manager of such Subsidiaries Holdings, (ii) management fees and expenses received by HJ Capital from the various HJ LLs for which HJ Capital acts as manager and (iii) funds held now held or hereafter acquired by HJ Capital or HJC Manager. All applications for costs, fees and expenses for services rendered in connection with the Receiver under such order shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court. The Receiver shall be entitled to apply to the Court every thirty (30) days for reimbursement of costs and expenses and for award of fees incurred by him and by those retained by him to assist him in his discharging his duties as Receiver and to have the applications heard so that fees and reimbursement for cost and expenses are not outstanding more than 60 days.

Dated: _____, 2008      ENTER:

      _____
      Hon. George W. Lindberg
      Senior U.S. District Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Plaintiff, | : : |
| v. | : CASE NO. 1:08-cv-2224 : |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC | : : Honorable George W. Lindberg : : Magistrate Judge Michael T. Mason |
| Defendants. | : : |

## AGREED ORDER APPOINTING RECEIVER OVER DEFENDANT HYATT JOHNSON CAPITAL LLC

This Cause coming to be heard upon the Agreed Order Appointing Receiver over Defendant Hyatt Johnson Capital LLC ("Order") agreed to by Plaintiff U.S. Securities and Exchange Commission, Defendant Jason R. Hyatt, and Defendant Jay D. Johnson: [1]

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that as of one business day from the date of this Order and pending the determination of the SEC's action on the merits, or such other time as the Court may order, Robert Handler, Esq. be appointed Receiver over HJ Capital.

**II.**

---

[1] At this time, Defendant Hyatt Johnson Capital, LLC is not represented by counsel. However, Defendants Hyatt and Johnson, who are agreeing to this Order, represent that (i) Hyatt Johnson Capital, LLC is wholly owned and controlled by Defendants Hyatt and Johnson, (ii) HJC Asset Holdings Manager, Inc., is wholly owned and controlled by Defendants Hyatt and Johnson, and (iii) HJC Asset Holdings Manager, Inc. is the sole manager of HJC Asset Holdings LLC.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Receiver shall take control of HJ Capital's operations, funds, assets and property wherever situated, with the powers set forth herein, including powers over all funds, assets, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, and other property belonging to or in the possession of or control of HJ Capital, and the Receiver is hereby authorized, empowered, and directed:

A. to have access to and take control of all funds, assets, business premises owned, leased, or otherwise controlled by HJ Capital, choses in action, books, records, papers, and other property of HJ Capital, with full power to monitor and approve each transaction, disbursement or receipt of funds, or any other disposition relating to such funds, assets or property, and with full power to take such steps as he deems necessary to secure such premises, funds and property;

B. to have control of, and to be added as an authorized signatory for, all accounts of HJ Capital at any bank, brokerage firm or financial institution which has possession, custody or control of any HJ Capital assets or funds, wherever situated;

C. to take such action as is necessary and appropriate to marshal, recover, preserve and take control of, and to prevent the dissipation, concealment, or disposition of any assets of, and pursue claims on behalf of, HJ Capital;

D. to make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by him, and to incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging his duties as Receiver;

E. to engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, counsel and accountants; and

F. to serve as manager of HJC Asset Holdings Manager, Inc., as well as all entities previously managed or controlled by HJ Capital, including, but not limited to: Hyatt Johnson A3 2003 LLC, Hyatt Johnson SAS 2003 LLC, Hyatt Johnson BA 2005 LLC, Hyatt Johnson Continental

2

2005 LLC, Hyatt Johnson T2 LLC, Hyatt Johnson United 2005 LLC, Hyatt Johnson USA 2004 LLC, Hyatt Johnson USA 2005 LLC, Hyatt Johnson Brown D26 LLC, Hyatt Johnson 26 LLC, Hyatt Johnson Finance I – Series A, Hyatt Johnson Finance I – Series B, Hyatt Johnson Finance I – Series C, Hyatt Johnson Park Avenue LLC, Hyatt Johnson Ventures I LLC, Hyatt Johnson Ventures II LLC, Hyatt Johnson Ventures III LLC, Strategic Aircraft Investors LLC, and Hyatt Johnson A3D 2003 II LLC.

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in connection with the appointment of the Receiver provided for above:

A. HJ Capital and their officers, agents, servants, employees, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of HJ Capital shall forthwith give access to and control of such property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of HJ Capital;

B. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of or for the benefit of HJ Capital shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

C. Unless and as authorized by the Receiver, HJ Capital shall not take any action, or purport to take any action, in the name of or on behalf of HJ Capital;

D. HJ Capital, and their respective officers, agents, servants, employees, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, by appearing for deposition testimony and producing documents, upon four days' faxed notice (however, nothing in this order shall affect the Fifth Amendment Privileges against self incrimination of Jason R. Hyatt or Jay D. Johnson), and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of his or her duties or to interfere in any manner, directly or indirectly, with the custody, possession,

3

    management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

E. HJ Capital shall pay the costs, fees and expenses of the Receiver incurred in connection with the performance of his duties described herein, including the costs and expenses of those persons who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations hereunder. All applications for costs, fees and expenses for services rendered in connection with the Receiver shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court;

F. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by HJ Capital or its officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of his or her duties and responsibilities hereunder.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pending the determination of the Commission's action on the merits, representatives of the Receiver are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of HJ Capital, and continuing access to inspect HJ Capital's funds, property and assets, wherever they may be located.

### V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants HJ Capital, Jason Hyatt and Jay Johnson shall transfer to the Receiver, as and when directed by him, any and all funds, property, documents or records of HJ Capital that are in their possession, custody or control; and that Defendants Jason Hyatt and Jay Johnson shall forthwith take all steps necessary to relinquish their signatory authority as to all accounts at banks, brokerage firms or financial institutions which have possession,

4

custody or control of any assets or funds in their name or in the name of or for the benefit of HJ Capital.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED:

HON. GEORGE W. LINDBERG
SENIOR U. S. DISTRICT JUDGE

Dated: May 5, 2008

5

# EXHIBIT 2

# EXHIBIT 2

## LIST OF BANK ACCOUNTS *

|  | Account Number | FEIN |
|---|---|---|
| Hyatt Johnson Capital, LLC | xxxxxxx886 | xxxxxxx949 |
| Hyatt Johnson Ventures I, LLC | xxxxxxx738 | xxxxxxx143 |
| Hyatt Johnson Ventures II, LLC | No known bank account | xxxxxxx173 |
| Hyatt Johnson Ventures III, LLC | xxxxxxx750 | xxxxxxx225 |
| Hyatt Johnson Stonegate, LLC | xxxxxxx155 | xxxxxxx659 |
| Hyatt Johnson K13, LLC | xxxxxxx078 | xxxxxxx502 |
| Hyatt Johnson Park Avenue, LLC | xxxxxxx354 | xxxxxxx502 |
| Hyatt Johnson SAS 2003, LLC | xxxxxxx894 | xxxxxxx536 |
| Hyatt Johnson A3 2003, LLC | xxxxxxx584 | xxxxxxx447 |
| Hyatt Johnson A3D 2003 II, LLC | xxxxxxx770 | xxxxxxx883 |
| Hyatt Johnson Continental 2005, LLC | xxxxxxx644 | xxxxxxx875 |
| Hyatt Johnson USA 2004, LLC | xxxxxxx147 | xxxxxxx784 |
| Hyatt Johnson USA 2005, LLC | xxxxxxx174 | xxxxxxx842 |
| Hyatt Johnson BA 2005, LLC | xxxxxxx977 | xxxxxxx187 |
| Hyatt Johnson T2 2005, LLC | xxxxxxx572 | xxxxxxx052 |
| Hyatt Johnson United 2005, LLC | xxxxxxx528 | xxxxxxx341 |
| Hyatt Johnson 26, LLC | xxxxxxx035 | xxxxxxx173 |
| Brown HJ D26, LLC | xxxxxxx072 | xxxxxxx748 |
| Strategic Aircraft Investors, LLC | xxxxxxx629 | xxxxxxx335 |
| Hyatt Johnson AF 2004, LLC | xxxxxxx568 | xxxxxxx335 |
| HJ Finance I, LLC-Series A | xxxxxxx062 | xxxxxxx660 |
| HJ Finance I, LLC-Series B | xxxxxxx089 | xxxxxxx229 |
| HJ Finance I, LLC-Series C | xxxxxxx054 | xxxxxxx268 |
| HJC Asset Holdings, LLC | xxxxxxx261 | xxxxxxx673 |

*Account numbers and FEINs partially redacted

129387v6                                    3