UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : CASE NO. 1:08-cv-2224 |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC | : Honorable George W. Lindberg |
| | : Magistrate Judge Michael T. Mason |
| Defendants. | : |

**ORDER APPOINTING RECEIVER OVER
ALL ASSETS OF DEFENDANT JASON R. HYATT**

This Cause coming to be heard upon the SEC's Motion Appointing Receiver over all assets of Defendant Jason R. Hyatt ("Order"):

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that as of one business day from the date of this Order and pending the determination of the SEC's action on the merits, or such other time as the Court may order, Robert Handler, Esq. be appointed Receiver over all assets of Defendant Jason R. Hyatt.

**II.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Receiver shall take control of all assets of Defendant Hyatt, including any operations, funds, assets and property wherever situated, with the powers set forth herein, including powers over all funds, assets, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, and other property belonging to or in the

possession of or control of all assets of Defendant Hyatt, and the Receiver is hereby authorized, empowered, and directed:

    A.    to have access to and take control of all funds, assets, business premises owned, leased, or otherwise controlled by Defendant Hyatt, choses in action, books, records, papers, and other property of Defendant Hyatt, with full power to monitor and approve each transaction, disbursement or receipt of funds, or any other disposition relating to such funds, assets or property, and with full power to take such steps as he deems necessary to secure such premises, funds and property;

    B.    to have control of, and to be added as an authorized signatory for, all accounts of Defendant Hyatt at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds of Defendant Hyatt, wherever situated;

    C.    to take such action as is necessary and appropriate to marshal, recover, preserve and take control of, and to prevent the dissipation, concealment, or disposition of any assets of, and pursue claims on behalf of, Defendant Hyatt;

    D.    to make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by him, and to incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging his duties as Receiver;

    E.    to engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, counsel and accountants; and

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in connection with the appointment of the Receiver provided for above:

    A.    Defendant Hyatt and his officers, agents, servants, employees, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of Defendant Hyatt shall forthwith give access to and control of such property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all

       accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of Defendant Hyatt;

B.      All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of or for the benefit of Defendant Hyatt shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

C.      Defendant Hyatt, and his respective officers, agents, servants, employees, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, by appearing for deposition testimony and producing documents, upon four days' faxed notice (however, nothing in this order shall affect the Fifth Amendment Privileges against self incrimination of Defendant Hyatt), and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of his or her duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

D.      Defendant Hyatt shall pay the costs, fees and expenses of the Receiver incurred in connection with the performance of his duties described herein, including the costs and expenses of those persons who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations hereunder. All applications for costs, fees and expenses for services rendered in connection with the Receiver shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court;

E.      No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by Defendant Hyatt or its officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of his or her duties and responsibilities hereunder.

**IV.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pending the determination of the Commission's action on the merits, representatives of the Receiver are authorized to have continuing access to inspect or copy any or all of the financial records and other documents of Defendant Hyatt, and continuing access to inspect Defendant Hyatt's funds, property and assets, wherever they may be located.

V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Hyatt shall transfer to the Receiver, as and when directed by him, any and all funds, property, documents or records of Defendant Hyatt that are in his possession, custody or control; and that Defendant Hyatt shall forthwith take all steps necessary to relinquish his signatory authority as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in his name or in the name of or for the benefit of Defendant Hyatt.

VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED:

_____
**George W. Lindberg**
**Senior United States District Judge**

**Dated: June 11, 2008**

4

5