UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : | Case No. 1:08-cv-2224 |
| v. | : : | |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC | : : : : | Hon. George W. Lindberg |
| Defendants. | : : | Magistrate Judge Michael T. Mason |
|  | : | |

## PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION'S EMERGENCY MOTION FOR RULE TO SHOW CAUSE AGAINST DEFENDANT JASON R. HYATT AND HEIDI E. HYATT

Plaintiff, the United States Securities and Exchange Commission ("SEC"), moves for an emergency Order requiring Defendant Jason R. Hyatt ("Hyatt") and his wife Heidi E. Hyatt ("Heidi Hyatt") to show cause why they should not be held in contempt for failing to comply with an Order entered by the Honorable Judge William Hibbler on April 21, 2008.

On April 18, 2008 Judge William Hibbler, sitting as the Emergency Judge, entered an Order freezing all assets under the control of Defendants Hyatt and Hyatt Johnson Capital, LLC. Hyatt and Heidi Hyatt nonetheless withdrew $57,000 in cash from one of their bank accounts just hours after the asset freeze order had been entered. On April 19, 2008 the SEC filed a motion for rule to show cause why the Hyatts should not be held in contempt for failing to comply with Judge Hibbler's asset freeze Order. Judge Hibbler heard the SEC's contempt motion on April 21, 2008. He then entered an Order ("the April 21, 2008 Order") requiring that,

in addition to certain telephone records which the Hyatts have produced, "Defendant Jason R. Hyatt and Heidi E. Hyatt shall also immediately produce to the SEC all emails between Jason R. Hyatt or Heidi E. Hyatt and [Hyatt's former attorney] Robert Michels, Esq. between April 18, 2008 and April 21, 2008."

This Court recently scheduled a July 16, 2008 evidentiary hearing on the SEC's motion for rule to show cause against Defendant Hyatt and Heidi Hyatt for their alleged violation of Judge Hibbler's April 18, 2008 asset freeze order. The emails that are the subject of the April 21, 2008 Order are a part of the proof that the SEC wishes to present at the July 16, 2008 hearing. Neither Hyatt nor Heidi Hyatt, however, have produced the emails, despite repeated requests from the SEC (see attached letters to Hyatt's counsel dated June 2, 2008, June 19, 2008 and July 2, 2008) and despite repeated assurances from Hyatt's counsel, during the two and one-half months since the April 21, 2008 Order, that the emails would be provided. Additionally, Defendant Hyatt has not asserted his Fifth Amendment privilege against self-incrimination, or any other applicable privilege, in connection with his failure to produce the emails.[1]

The SEC accordingly requests that the Court enter an emergency Order requiring Hyatt and Heidi Hyatt to show cause why they should not be held in contempt for failing to comply with the April 21, 2008 Order. Should the Hyatts produce the emails before July 9, 2008 at 9:30 a.m., the SEC will withdraw its motion.

Respectfully submitted,

_Sally Hewitt_
Gregory von Schaumburg, IL Bar No. 3127782

---

[1] If Defendant Hyatt does assert his Fifth Amendment privilege against self-incrimination in connection with a continued refusal to produce the emails that are the subject of the April 21, 2008 Order, the court may draw an adverse inference against him in this civil proceeding. Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).

Robin Andrews, IL Bar No. 6285644
Sally Hewitt, IL Bar No. 6193997
Attorneys for Plaintiff
U.S. SECURITIES AND
EXCHANGE COMMISSION
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

Dated: July 7, 2008



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
CHICAGO REGIONAL OFFICE
NINTH FLOOR
175 WEST JACKSON STREET
CHICAGO, ILLINOIS 60604

ROBIN ANDREWS                                                    TELEPHONE: (312) 353-4304
STAFF ATTORNEY, DIVISION OF ENFORCEMENT                              FAX: (312) 353-7398

June 2, 2008

**Via Email**

Thomas M. Leinenweber, Esq.
Leinenweber & Baroni LLC
321 S. Plymouth Ct. Ste. 1515
Chicago, IL 60604

      Re:    **SEC v. Hyatt et al. (1:08-cv-2224)**

Dear Mr. Leinenweber:

As we have previously discussed, and as explained in my May 14, 2008 letter to you, there are numerous orders and discovery requests regarding Mr. Hyatt which are outstanding:

- The SEC's April 18, 2008 discovery request to Mr. Hyatt required the production of numerous documents.
- Judge Hibbler's April 18, 2008 order required that Mr. Hyatt produce an accounting of, among other things, all uses of investor funds.
- Judge Hibbler's April 21, 2008 order required the immediate production of all telephone and email records of Jason Hyatt and Heidi Hyatt from April 18, 2008 through April 21, 2008.
- The SEC issued a request to Mr. Hyatt on May 12, 2008 for all computers or hard drives on which he conducted Hyatt Johnson Capital business. This would include, but is not limited to, (1) two computers (Pavilion and Presario) which were imaged in March 2008 by a vendor for Hyatt Johnson Capital, LLC as well as (2) a Hyatt Johnson Computer purchased in 2003, which was also used by Jason Hyatt. Our understanding is that Mr. Hyatt has represented to the Hyatt Johnson Capital receiver, Robert Handler, that this last computer was previously given to Mr. Hyatt's brother or brother-in-law. If this is the case, please immediately provide the name and address of that individual so we can issue a subpoena for the production of that computer from that individual.

To date, the SEC has not received any of the above documents or items, with the exception of certain telephone records produced today. If we do not receive the remaining required documents and items by Wednesday, June 4, we intend to file a motion to compel Mr.

2

and/or Mrs. Hyatt's compliance with the SEC's discovery requests and a motion for contempt regarding their noncompliance with the Court's orders.

Sincerely,

s/ Robin Andrews
Robin Andrews

**cc: Jim Kopecky, Esq.**

2



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
CHICAGO REGIONAL OFFICE
NINTH FLOOR
175 WEST JACKSON STREET
CHICAGO, ILLINOIS 60604

ROBIN ANDREWS                                                    TELEPHONE:  (312) 353-4304
STAFF ATTORNEY, DIVISION OF ENFORCEMENT                              FAX:  (312) 353-7398

June 19, 2008

**<u>Via Email</u>**

Thomas M. Leinenweber, Esq.
Leinenweber & Baroni LLC
321 S. Plymouth Ct. Ste. 1515
Chicago, IL 60604

> Re:    **<u>SEC v. Hyatt et al. (1:08-cv-2224)</u>**

Dear Mr. Leinenweber:

In connection with the SEC's April 19, 2008 contempt motion against Jason Hyatt and Heidi Hyatt, there are a number of issues that we wish to address. Our understanding from earlier conversations with you is that you do not represent Heidi Hyatt, but that, for the purposes of the contempt proceedings, you will pass along relevant information and requests to Heidi, as she is married to your client and currently without counsel. If, however, Heidi Hyatt has obtained separate counsel or if you now represent her, please inform us immediately. The SEC intends to pursue its contempt claims against Jason Hyatt and Heidi Hyatt in an evidentiary hearing, after which the SEC will ask the Court for appropriate sanctions.

At the contempt hearing, the SEC intends to introduce certain records the SEC has received from The Private Bank, including bank records and pictures of Heidi Hyatt's visits to the bank. Please inform us whether you will you stipulate to the authenticity of these records, in lieu of a certificate from the custodian of records of The Private Bank. The SEC intends to call as witnesses Jason Hyatt and Heidi Hyatt. In addition, in light of your comments today during Mr. Hyatt's arraignment hearing during which you stated that Robert Michels was not Mr. Hyatt's counsel on April 18, 2008, the SEC intends to call Mr. Michels as a witness as well.

As we have previously reminded you, Judge Hibbler's April 21, 2008 order required the immediate production of all telephone and email records of Jason Hyatt and Heidi Hyatt from April 18, 2008 through April 21, 2008. We have received from Jim Kopecky what are purportedly the required telephone records, but we have not received any of the required email records. You have informed us that in addition to representing Panacea Partners, Jim Kopecky now represents Mr. Hyatt personally. Please inform us in writing if this is incorrect.

2

If your client wishes to resolve the contempt motion prior to a hearing, the SEC would be willing to accept Jason Hyatt's consent to the entry of a finding that he acted in contempt of Judge Hibbler's April 18, 2008 order.  If we do not receive any such notification, the SEC will proceed in its preparation for an evidentiary hearing, which we hope to schedule at the July 2, 2008 status conference.


                                        Sincerely,

                                        s/ Robin Andrews
                                        Robin Andrews

**cc: Jim Kopecky, Esq.**



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
CHICAGO REGIONAL OFFICE
NINTH FLOOR
175 WEST JACKSON STREET
CHICAGO, ILLINOIS 60604

ROBIN ANDREWS                                                                    TELEPHONE:  (312) 353-4304
STAFF ATTORNEY, DIVISION OF ENFORCEMENT                                          FAX:  (312) 353-7398

July 2, 2008

**Via Email**

Thomas M. Leinenweber, Esq.
Leinenweber & Baroni LLC
321 S. Plymouth Ct. Ste. 1515
Chicago, IL 60604

        Re:    **SEC v. Hyatt et al. (1:08-cv-2224)**

Dear Mr. Leinenweber:

        As I mentioned in our telephone conversation this morning, Judge Lindberg has
scheduled an evidentiary hearing on the SEC's April 19, 2008 contempt motion against Jason
Hyatt and Heidi Hyatt for Wednesday, July 16, 2008.  The Court's minute order this morning
indicates that the hearing is scheduled for 10:00 a.m. on that date.  During our conversation, you
represented that you are willing to agree to certain stipulations.  My understanding is that you
agree to stipulate to the authenticity and admissibility of the following categories of documents:
- Telephone records for Jason Hyatt and Heidi Hyatt that the SEC received from Jim
  Kopecky;
- Email and Telephone records the SEC received from Robert Michels;
- Various records the SEC has received from Mr. Hyatt's banks; and
- Records the SEC received from the St. Charles Country Club regarding Mr. Hyatt's
  membership.

The SEC hopes that you will agree to these stipulations in order to reduce the number of
witnesses that must be called and the duration of the evidentiary hearing.

In addition, please let me know by Tuesday, July 8, 2008 whether you are willing to stipulate to
the following facts:
- The phone using number (312) 479-1233 is a cellular phone primarily used by Jason
  Hyatt.  This phone is a Blackberry which receives emails.
- The phone using number (630) 362-7385 is a cellular phone primarily used by Heidi
  Hyatt.

2

   As we have repeatedly reminded you, Judge Hibbler's April 21, 2008 order required the immediate production of all telephone and email records of Jason Hyatt and Heidi Hyatt from April 18, 2008 through April 21, 2008.  We have not received any of the required email records; please produce these immediately.


            Sincerely,

            s/ Robin Andrews
            Robin Andrews