UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,       )<br>)<br>)<br>Plaintiff,                                                  )<br>v.                                                            )<br>)<br>JASON R. HYATT, JAY JOHNSON, and      )<br>HYATT JOHNSON CAPITAL, LLC,               )<br>)<br>Defendants.                                          ) | Case No. 1:08-cv-2224<br><br>Honorable George W. Lindberg<br><br>Magistrate Judge Michael T. Mason |

**EMERGENCY MOTION FOR CONTROL AND POSSESSION OF ALL JASON HYATT ASSETS, INCLUDING ST. CHARLES AND GENEVA HOMES, PERSONAL PROPERTY AND AUTOMOBILES AND, IF NECESSARY, AUTHORIZING USE OF U.S. MARSHAL TO FACILITATE RECEIVER'S POSSESSION OF ASSETS**

Robert P. Handler, not individually, but as court-appointed Receiver ("Handler" or the "Receiver") of Defendants Hyatt Johnson Capital, LLC ("HJ Capital") and Jason R. Hyatt ("Hyatt"), in accordance with this Court's Orders of May 5, 2008 and June 11, 2008 hereby requests that this Court enter an Order, on an emergency basis, granting Receiver authority to take control and possession of the St. Charles, Geneva and Michigan City, IN homes of Jason Hyatt, Jason Hyatt's personal property and automobiles ("Hyatt Property"), and, if necessary, authorizing the U.S. Marshal to aide and facilitate Receiver's gaining possession and control of these assets. In support of this Motion, Receiver states:

**Background**

1.   On April 18, 2008, a complaint (the "Complaint") was filed by the Securities and Exchange Commission ("SEC") in the Northern District of Illinois alleging that Defendants Jason R. Hyatt ("Hyatt"), Jay Johnson ("Johnson") and Hyatt Johnson Capital, LLC ("HJ

Capital") have and will continue to engage in acts which are violations of the Securities Act of 1933, the Securities Exchange Act of 1934 and the Investment Advisors Act of 1940.

2. On April 18, 2008, at the request of the SEC, this Court entered an Order (the "Freeze Order") temporarily freezing the assets of Jason Hyatt and HJ Capital.

3. On May 5, 2008, the Court appointed Robert Handler, Esq. as Receiver over all assets of HJ Capital (the "HJ Capital Receiver Order").

4. On June 12, 2008, the HJ Capital Receiver Order was supplemented to give the Receiver expanded control over entities, bank accounts, aircraft, and escrow funds related to HJ Capital.

5. On June 12, 2008, this Court also entered an Order appointing Handler as Receiver over all assets in which Jason Hyatt had an interest (the "Hyatt Receiver Order).

**Current Situation**

6. At this point, the Receiver has not had full disclosure of assets from Hyatt. In particular, as set forth below, Receiver has had difficulty in securing possession of personal property of Hyatt's, possession of Hyatt's automobiles and possession of Hyatt's homes in St. Charles and Geneva.

7. *Personal Property*. The Hyatt Receiver Order grants Receiver the right to possession of all of Hyatt's personal property (the "Personal Property"). After entry of the Hyatt Receiver Order, the Receiver inventoried and photographed the Personal Property located at Hyatt's residence in St. Charles and has been working to have the home sold.

This week, the Receiver's agent, Anthony Stonitsch, was in the St. Charles home with an appraiser/auctioneer for the specific purpose of having the Personal Property valued and for the professional to advise the Receiver as to how to realize the maximum value for the Personal

Property. The Receiver's agent observed a number of items previously photographed and inventoried in the home by the Receiver, like vases and artwork, were now in packing boxes, and, based on the observation and Hyatt's comments to the Receiver's agent that "he is moving" the Receiver reasonably believes that Hyatt and/or his wife Heidi Hyatt are attempting to remove the Personal Property from the St. Charles home to an unknown location.

8.     *The Maserati*.  Hyatt listed a Maserati automobile on his personal financial statement as of March 31, 2006.  In his initial meeting with the Receiver on June 27, 2008, Hyatt stated that the car was "sold" to the Foley Bentley dealership in Northbrook, IL in 2007.  He also stated he did not recall the sales price.  Upon further investigation, the Receiver discovered that Hyatt had traded the Maserati and one of his Mercedes vehicles for a Bentley in December 2006.  The Receiver subsequently learned that this vehicle was sold by Hyatt approximately six months thereafter.  To date, Hyatt has not disclosed to the Receiver the sales price or the disposition of the Bentley sales proceeds.  The Receiver has attempted to orchestrate a sale of all of Hyatt's vehicles, but Hyatt has not been cooperative in turning any asset over to the Receiver.  The Receiver is attempting to ascertain other automobiles owned by Hyatt in addition to the Maserati.

9.     *The Real Estate*.  Defendant Hyatt currently is the named owner of real located in Illinois: specifically 38W387 Clubhouse Dr., St. Charles, IL (the "St. Charles Home") and 330 S. River Lane, Geneva, Illinois (the "Geneva Home"), the Geneva Home and with the St. Charles Home, being referred herein as (the "Premises").

10.    Defendant Hyatt and his wife Heidi Hyatt are continuing to reside in the St. Charles Home.  It is the Receiver's understanding that an occupant, believed to be Defendant Hyatt's mother, resides in the Geneva Home.  Any occupation of the St. Charles Home or the Geneva Home without the Receiver's consent violates the Order.

11. On July 23, 2008, the Receiver, through Hyatt's counsel, advised Hyatt that rent had to be paid for Hyatt and his family to remain in the St. Charles Home ($4,000-$4,500) and/or Geneva ($2,300-$2,500). The rent demanded was the market rent for the types of homes in the same communities occupied by Hyatt and his family members. The demand was made so as to obtain value from the Hyatt estate for the benefit of the creditors of the estate.

12. Notwithstanding the Receiver's July 23th demand, no rent for other payment for use and occupancy was ever made and Hyatt and his family continue to occupy the St. Charles and Geneva Homes.

13. *Failure to Account.* The Receiver has made a number of requests on Hyatt to provide the Receiver with a full accounting of his assets, including all documents respecting Hyatt's interests in other companies. To date, Hyatt has made only partial disclosure.

**This Court Has Broad Equitable Powers which Allow for the Relief Sought by Receiver**

14. That Federal courts possess broad authority "to issue a variety of 'ancillary relief' measures in [enforcement] actions brought by [federal agencies]" is undisputed. *SEC v. Wencke,* 622 F.2d 1363, 1369 (9th Cir.1980); *see also SEC v. Universal Financial,* 760 F.2d 1034, 1038 (9th Cir.1985) (District court's power to enter a blanket receivership stay "is broader than the court's authority to grant or deny injunctive relief under Fed.R.Civ.P. 65."). "The Supreme Court has repeatedly emphasized the broad equitable powers of the federal courts to shape equitable remedies to the necessities of particular cases, especially where a federal agency seeks enforcement in the public interest." *Wencke,* 622 F.2d at 1371.

15. Upon imposition of a receivership, all property in the possession of the defendant passes into the custody of the receivership court, and becomes subject to its authority and control. In the exercise of its jurisdiction over the debtor's property, the court has power to issue

injunctions and <u>all other writs</u> necessary to protect the estate from interference and to ensure its orderly administration. *Eller Indus., Inc. v. Indian Motorcycle Mfg., Inc.,* 929 F.Supp. 369, 372 (D.Colo.1995) (emphasis added); *see also Lankenau v. Coggeshall & Hicks,* 350 F.2d 61, 63 (2d Cir.1965) ("There is substantial jurisdictional basis for allowing the federal court receiver to have and keep custody and control of the assets in question, and to obtain the relief needed to implement that custody."); *SEC v. Hardy,* 803 F.2d 1034, 1037 (9th Cir.1986) ("The basis for broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions.").

16. Here, Hyatt's actions in using estate property without compensation, failing to give the Receiver access and control over property of the estate, and, most importantly, packing valuable personal property for removal from this estate that the Receiver was examining for sale, is preventing the Receiver from marshalling all of Hyatt's assets.

17. This Court has been granted broad, equitable powers to fashion any relief appropriate to allow the Receiver to collect the assets subject to the Hyatt Receiver Order, including the use of summary, immediate relief. *SEC v. Hardy*, 803 F.2d 1034 (9th Cir.1986).

18. As authorized by the above authority, the Receiver, as an officer of this Court, seeks an Order from this Court authorizing Receiver to:

   a. Change the locks on the Premises, and, if necessary, use the U.S. Marshal to forcibly remove Hyatt, his wife Heidi Hyatt, Hyatt's mother and all other persons from the Premises;

   b. Seize the Personal Property, and, if necessary, use the U.S. Marshal to accomplish the same;

   c. Seize all Hyatt automobiles, and, if necessary, use the U.S. Marshal to accomplish the same.

19. As indicated above, the Receiver believes that Hyatt is currently in the process of

removing Personal Property from the Premises. Accordingly, this Motion has been brought as an emergency motion.

WHEREFORE, Robert Handler, Receiver, respectfully requests that the Court enter an order authorizing Receiver to (i) Change the locks on 38W387 Clubhouse Dr., St. Charles, IL and 330 S. River Lane, Geneva, Illinois and, if necessary, use the U.S. Marshal to forcible remove Hyatt, his wife Heidi Hyatt, Hyatt's mother and all other persons from the Premises; (ii) seize all Personal Property of Hyatt, and, if necessary, use the U.S. Marshal to accomplish the same; (iii) Seize all Hyatt automobiles, and, if necessary, use the U.S. Marshal to accomplish the same; and (iv) for such other and further relief as this Court may deem just and proper.

Dated: August 15, 2008

                                        Respectfully Submitted

                                        **ROBERT P. HANDLER, Receiver**

                                        /s/*Paula K. Jacobi*

Paula K. Jacobi
Deborah L. Thorne
Kevin Driscoll
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
(312) 357-1313

Counsel to the Receiver

CHDS01 PJACOBI 480687v1

6