UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLIONIOS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-2224 |
| | ) | |
| JASON HYATT, | ) | Judge Lindberg |
| JAY JOHNSON, and | ) | Magistrate Judge Mason |
| HYATT JOHNSON CAPITAL, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JASON HYATT'S RESPONSE TO EMERGENCY MOTION**

Defendant, Jason R. Hyatt, by and through his attorney, Thomas More Leinenweber, and as for his Response to the Emergency Motion for Control and Possession of All Jason Hyatt Assets, Including St. Charles and Geneva Homes, Personal Property and Automobiles and, If Necessary, Authorizing Use of U.S. Marshall to Facilitate Receiver's Possession of Assets ("Emergency Motion"), states as follows:

This Motion is improperly filed as an Emergency Motion. There is no emergency that needs this Court's attention, and Defendant objects to its filing and hearing and respectfully requests that this Court deny the Emergency Motion and direct the Receiver to file the motion under the ordinary rules of this Court and allow the Defendant proper time to respond to its allegations.

Notwithstanding this, Defendant denies the allegations of the Emergency Motion as follows:

*Personal Property*. The apparent impetus to the motion at bar was when the Receiver's Agent and an auctioneer went to the Defendant's St. Charles home and observed that some of the

personal property was in packing boxes. (Emergency Motion, ¶7). From this innocuous behavior, the Receiver has inferred that "Hyatt and/or his wife Heidi Hyatt are attempting to remove the Personal Property from the St. Charles home to an unknown location." (Id.) As the Receiver is well aware, the St. Charles home is for sale and the Receiver and the buyer's agent were in recent negotiations over a sale of the property. The Defendant and his family were notified by the real estate agent that if the sale went through the closing would need to take place by August 21, 2008, necessitating that the Hyatts move by that date. That is the sole reason why any personal property was boxed. Copies of various pictures of the boxes as well as labels clearly identifying the contents are attached as Group Exhibit A.

The Receiver is well aware that Mr. Hyatt is on Electronic Home Monitoring as a condition of his bond in the criminal case in which he is charged (*U.S. v. Jason Hyatt*, 08 CR 469-1) and is unable to leave his home for any purpose except those approved in advance by Pretrial Services. Clearly, Mr. Hyatt is not preparing to flee the area with his assets. Further, the Receiver does not and cannot allege any action by Hyatt, his wife or anyone to remove or sell or otherwise dispose of *any* asset. By way of this motion, the Receiver has made the proverbial mountain out of a molehill.

*The Maserati*. Hyatt has given all documents in his possession to the Receiver and has informed the Receiver that any funds received for the Maserati or Bentley were deposited into accounts owned by Hyatt and the funds used prior to the start of this litigation. With regard to other automobiles owned by Mr. Hyatt, of the two cars that were on lease, one has been repossessed. One of the cars owned by Mr. Hyatt, a 2006 Volkswagen Convertible, is for sale and, indeed, was offered to the Receiver to sell this week by Mr. Hyatt.

*The Real Estate*.  The Receiver states that on July 23, 2008, he advised counsel that "rent had to be paid for Hyatt and his family to remain in the St. Charles Home ($4,000-$4,500) and/or Geneva ($2,300-$2,500)."  (Emergency Motion, ¶8).  Counsel states that a conversation between the Receiver and himself took place but that it was in generalities.  No specific amount of rent was demanded, no lease was proffered, no date on which the payments were due was ever made.  Indeed, the general terms of the rent "demanded" belies the Receiver's claim.

*Failure to Account*.  Mr. Hyatt disputes that has made only partial disclosure of his assets.  He has attempted to cooperate with the Receiver in every way possible.  He has met with the Receiver at the Receiver's lawyer's office and at his home.  His wife has met with the Receiver at their Michigan City home.  Mr. Hyatt has turned over voluminous documentation to the SEC and to the Receiver.

## Conclusion

There is no emergency before this Court.  Neither Mr. Hyatt nor anyone associated with him has attempted to move, hide, store or sell any assets under the control of this Court.  Mr. Hyatt has abided by every ruling that this Court has made.  This motion is overkill and should be denied on its face.

WHEREFORE, Defendant Jason R. Hyatt respectfully requests that the Court enter an Order denying the Emergency Motion.

                                                                        Respectfully submitted,

                                                                         JASON R. HYATT

                                                          By:  s/Thomas More Leinenweber
                                                               Thomas More Leinenweber

Thomas More Leinenweber
Leinenweber & Baroni, LLC
321 Plymouth Court, Suite 1515
Chicago, Illinois  60604
(312) 663-3003