UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:08-cv-2224<br>) |
| v. | ) Honorable George W. Lindberg<br>) |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC, | ) Magistrate Judge Michael T. Mason<br>)<br>) |
| Defendants. | ) |

## MOTION TO AUTHORIZE RECEIVER TO INVEST ESTATE FUNDS

Robert P. Handler, not individually, but as court-appointed Receiver ("Handler" or the "Receiver") of Defendants Hyatt Johnson Capital, LLC ("HJ Capital") and Jason R. Hyatt ("Hyatt"), in accordance with this Court's Orders of May 5, 2008 and June 11, 2008 hereby requests that this Court enter an Order authorizing the Receiver to invest funds he has recovered/received *inter alia* from the sale of aircraft and HJ Capital accounts ("Estate Funds") into interest bearing checking accounts, money market accounts, or other such investment mechanisms reasonably deemed appropriate by the Receiver. In support of this Motion, Receiver states:

**Background**

1. On April 18, 2008, a complaint (the "Complaint") was filed by the Securities and Exchange Commission ("SEC") in the Northern District of Illinois alleging that Defendants Jason R. Hyatt ("Hyatt"), Jay Johnson ("Johnson") and Hyatt Johnson Capital, LLC ("HJ Capital") have and will continue to engage in acts which are violations of the Securities Act of 1933, the Securities Exchange Act of 1934 and the Investment Advisors Act of 1940.

2.      On April 18, 2008, at the request of the SEC, this Court entered an Order (the "Freeze Order") temporarily freezing the assets of Jason Hyatt and HJ Capital.

3.      On May 5, 2008, the Court appointed Robert Handler, Esq. as Receiver over all assets of HJ Capital (the "HJ Capital Receiver Order").

4.      On June 12, 2008, the HJ Capital Receiver Order was supplemented to give the Receiver expanded control over entities, bank accounts, aircraft, and escrow funds related to HJ Capital.

5.      On June 12, 2008, this Court entered an Order Appointing Handler as Receiver over all assets in which Jason Hyatt has an interest (the "Hyatt Receiver Order).

**The Receiver's Need to Invest Cash**

6.      Pursuant to the Hyatt Receiver Orders and further order of this Court entered on July 14, 2008, the Receiver caused to be sold a certain Boeing 737-528 aircraft (the "Aircraft"). After payment of the secured lender, as authorized by order of this Court, the Receiver received the sale proceeds which, together with other estate funds recovered, now total approximately $3.7 million in Estate Funds.[1]

7.      The Receiver is continuing to liquidate estate assets and, as such, additional estate proceeds will be generated as this case and the receivership progresses.

8.      It is in the best interest of the estates and their respective creditors and investors that the Receiver, when appropriate, be able to invest the Estate Funds in interest bearing

---

[1]    The Receiver also retains an additional $250,000 in a special escrow account. Pursuant to the terms of sale of the Aircraft, the funds in this account cannot be commingled with Estate Funds until 6 months following closing and the Aircraft purchaser has not made a claim against the special escrow account.

2 480692-1

accounts and instruments to *inter alia* offset the cost of bank charges and to increase the funds available to the receivership estates.

9. The Receiver has consulted with the SEC which has advised the Receiver that it has no objection to the Estate Funds being invested so long as the investments are direct obligations of the United States, obligations whose principal and interest are unconditionally guaranteed by the United States, money market funds authorized to invest solely in direct obligations of the United States and the dates of maturities do not to exceed the life of the receivership reasonably estimated by the Receiver.

10. Accordingly, the Receiver requests authority to invest the Estate Funds to meet the cash requirements of the Receiver and of the estates of Hyatt and HJ Capital--such as tax obligations, costs and fees--in any of the following investment vehicles to the extent the Receiver, in his sole discretion, deems it appropriate to do so:

> short-term U.S. Treasury securities backed by the full faith and credit of the U.S. Government, obligations whose principal and interest are unconditionally guaranteed by the United States, and/or money market funds authorized to invest solely in direct obligations of the United States; provided, that investments in the U.S. Treasury securities will not be made through repurchase agreements or other derivative products.

WHEREFORE, Robert Handler, Receiver, respectfully requests that the Court enter an order (i) authorizing Receiver to invest the Estate Funds in accounts, funds, and/or instruments

2 480692-1

that satisfy the requirements set forth in paragraph 10 above and (ii) for such other and further relief as this Court may deem just and proper.

Dated: August 15, 2008

                                                  Respectfully Submitted

                                                  **ROBERT P. HANDLER, Receiver**

                                                  */s/Robert P. Handler*

Paula K. Jacobi
Deborah L. Thorne
Kevin Driscoll
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
(312) 357-1313
Counsel to the Receiver

CHDS01 PJACOBI 480692v1

2 480692-1