**NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

———————————————————— :
:
UNITED STATES SECURITIES       :
AND EXCHANGE COMMISSION,       :
:
        **Plaintiff,**       :
:
       **v.**       :       **CASE NO.  1:08-cv-2224**
:
JASON R. HYATT,       :
JAY JOHNSON, and       :       **Hon. George W. Lindberg**
HYATT JOHNSON CAPITAL, LLC       :
:       **Magistrate Judge Michael T. Mason**
       **Defendants.**       :
————————————————————:

**MEMORANDUM IN SUPPORT OF SEC'S MOTION TO COMPEL
BCI AIRCRAFT LEASING, INC. AND ROTHGERBER JOHNSON & LYONS
TO FULLY COMPLY WITH SUBPOENAS DUCES TECUM**

## I.    <u>INTRODUCTION</u>

Plaintiff Securities and Exchange Commission ("SEC") respectfully brings this motion for an Order, pursuant to Federal Rule of Civil Procedure 45(d), compelling BCI Aircraft Leasing, Inc. ("BCI") and Rothgerber Johnson & Lyons LLP ("Rothgerber"), counsel to BCI, to fully and completely respond to the SEC's Subpoenas Duces Tecum.[1]

The SEC issued a subpoena to BCI on June 30, 2008, with a return date of July 14, 2008, to which the SEC granted an extension to July 28, 2008.  BCI produced some limited documents in response to the June 30 subpoena, but, as described below, this production was severely deficient.  Accordingly, the SEC informed BCI in an August 4 letter and during conversations on August 11 and 13 that this production was severely deficient and requested a new production.  To date, the SEC has not received a proper response to the June 30, 2008 subpoena to BCI.

---

[1]    Copies of the SEC's subpoenas are attached to this Motion as Exhibits 1, 5, and 7.

On August 6, 2008, the SEC issued subpoenas to BCI and Rothgerber, with return dates of August 20, 2008. BCI and Rothgerber asked the SEC for a two-week extension for both subpoenas. Based on BCI's inadequate response to the previous subpoena, and the narrow scope of the August 6 subpoenas, the SEC declined to grant an extension.

As discussed below, the information the SEC seeks from BCI and Rothgerber is both relevant and material to this litigation.[2] The SEC has conferred and corresponded repeatedly with Rothgerber, counsel to BCI, to request proper and timely production, but these efforts have failed. The SEC accordingly asks this Court to order BCI and Rothgerber to fully and completely comply with its obligations under F.R.C.P. 45(d) and to immediately produce the documents required by the subpoenas.[3]

## II.  FACTUAL BACKGROUND

In connection with the SEC's litigation in this matter against the Defendants Hyatt, Johnson, and Hyatt Johnson Capital ("HJ Capital"), on June 30, 2008, the SEC issued a subpoena to BCI, with a return date of July 14, 2008. Exhibit 1. This subpoena requested, among other things, documents reflecting communications with, or payments to, certain individuals and entities related to Defendants Hyatt, Johnson, and HJ Capital. BCI requested a

---

[2]     Complicating the SEC's discovery efforts in this case is the fact that Defendant Hyatt was recently indicted and continues to refuse to provide any information to the SEC, asserting his Fifth Amendment Privilege against self-incrimination. In addition, documents held on Defendant Hyatt's work computers were subpoenaed in SEC v. Hollnagel et al., 1:07-cv-4538 (J. Bucklo) in August 2007. After months of efforts to obtain documents on these computers, Defendant Hyatt's counsel turned two of the computers over to HJ Capital's attorneys, but informed the SEC that a third computer was unaccounted for or otherwise missing. It appears that Hyatt installed "scrubbing" software on his computers, which may have been used to destroy relevant HJ Capital documents. Accordingly, the SEC must be able to obtain relevant documents from third parties, including BCI, who played a pivotal role in most of the HJ Capital offerings to investors.

[3]     Although Federal Rule of Civil Procedure 45(e) permits the SEC to ask that BCI be held in contempt, at this time the SEC only seeks an order from the Court compelling BCI and Rothgerber to produce the documents required by the SEC's subpoenas.

2

two-week extension of the response deadline, to July 28, which the SEC granted.  On July 31,

the SEC received BCI's response on a CD-ROM.

This CD-ROM produced to the SEC contained numerous emails in response to the SEC's

subpoenas.  However, in most instances, BCI failed to produce attachments to these emails.

Furthermore, regarding the attachments that BCI actually did produce, many appear to be

Microsoft Excel (*.xls) files, which, if not produced in their native format, would result in loss of

usable information.  For example, one nearly 100 page span of attachments constitute what

appears to be a massive Excel spreadsheet or spreadsheets which, reduced to an image file, are

completely unreadable and useless.  See Exhibit 2, an excerpt of this document.  In addition, BCI

produced between ten and twenty identical sequential copies of most of the produced emails.

Such a redundant and duplicative production is improper and significantly impedes the SEC's

ability to review the produced documents.  Finally, BCI did not indicate, as required by Federal

Rule of Civil Procedure 45(d) (and requested in the cover letters to the subpoenas), whether no

documents existed in certain requested categories.  On August 4, the SEC submitted a letter to

BCI explaining these issues and requesting a proper production.  Exhibit 3.  Receiving no

substantive response from BCI, the SEC sent another letter to BCI on August 7 regarding this

issue, along with discovery issues pending in another matter.[4]  Exhibit 4.

On August 6, 2008, the SEC issued another subpoena to BCI, with a return date of

August 20.  Exhibit 5.  This subpoena requested, among other things, documents reflecting

communications with, or payments to, Charles Dyer, another individual related to the SEC's

complaint against Defendants Hyatt, Johnson, and HJ Capital.  Previously, in 2003, the SEC

---

[4]        BCI and Hollnagel are defendants in SEC v. Hollnagel et al., 1:07-cv-4538 (J. Bucklo).

obtained a permanent injunction against securities fraud against Mr. Dyer, who was also barred from the securities industry in a related Administrative Proceeding.  Exhibit 6.

Also on August 6, the SEC issued a subpoena to Rothgerber, with a return date of August 20.  Exhibit 7.  This subpoena requested, among other things, communications between Rothgerber (as agent of BCI) and counsel to Defendants Hyatt, Johnson, and HJ Capital.  The SEC seeks these communications because they may explain the roles of both BCI and HJ Capital in the various securities offerings.  In addition, these communications may explain the roles of BCI and HJC regarding an important transaction that took place between the companies between July and September 2007 involving at least $22 million worth of HJ Capital investors' equity investments in BCI securities offerings.

On August 13, the SEC and counsel to BCI discussed these and other issues.  BCI's counsel informed the SEC that they were preparing a replacement CD-ROM, and that the SEC would receive that production "by the middle of next week," i.e. approximately August 20.  Counsel to BCI informed the SEC that they might need extensions to the due dates of the August 6 subpoenas, but they did not indicate how much extra time would be needed.

On August 19, and again on August 20, counsel to BCI requested that the SEC grant two-week extensions to the three August 6 subpoenas, which were due August 20.  The SEC declined to grant an extension, in light of BCI's grossly inadequate response to the June 30, 2008 subpoena (for which BCI was granted a two-week extension), and the fact that BCI has still not made a proper response to that subpoena.  Exhibit 8.  Counsel to BCI denies that they promised

to produce a replacement CD-ROM to the SEC's June 30 subpoena by that date, but declined to inform the SEC when, in fact, such a response would be provided.  Exhibit 9.[5]

## III.   <u>ARGUMENT</u>

Discovery is a search for the truth.  <u>Dominguez v. Don Pedro Restaurant</u>, 2007 U.S. Dist. LEXIS 72444 at *2 (N.D. Ind. 2007) (<u>citing</u> <u>Shapo v. Engle</u>, 2001 U.S. Dist. LEXIS 2223 at *2 (N.D. Ill. 2001)).  Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any non-privileged matter that is relevant to a claim or defense of any other party.  The United States Supreme Court has construed Rule 26(b)(1) broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  <u>Oppenheimer Fund, Inc., et al. v. Sanders et al.</u>, 437 U.S. 340, 351 (1978), quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947).  The Court in <u>Oppenheimer</u> went on to state that

> "Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues (citing <u>Hickman</u> at 500-501).  Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits."  <u>Oppenheimer</u>, 437 U.S. at 351.

For purposes of discovery, the concept of relevance also is interpreted expansively.  A request for discovery will be deemed relevant if there is "any possibility that the information sought may be relevant to the subject matter of the action."  <u>Kodish v. Oakbrook Terrace Fire Protection District</u>, 235 F.R.D. 447, 450 (N.D. Ill. 2006).  A party may seek an order to compel discovery when the recipient of discovery requests fails to adequately respond.  <u>Dominguez</u> at

---

[5]     The SEC does not believe that its discovery disputes with BCI in <u>SEC v. Hollnagel et al.</u>, 1:07-cv-4538 (J. Bucklo) are relevant to BCI's inability to properly respond to the SEC's subpoenas before this Court.  However, in response to Mr. Csajaghy's email on August 20, the SEC notes that a large proportion of the "incredibly voluminous" materials BCI is currently preparing in discovery have been outstanding since as early as January 2008.

*2-*3.  The burden then rests upon the recipient to show why the particular discovery request is improper.  Id. at *4 (citing Kodish at 449-450).  The objecting party must show with specificity that the request is improper.  Id. (citing Graham v. Casey's General Stores, 206 F.R.D. 251, 254 (S.D. Ind. 2002)).  That burden cannot be met by reflexively invoking "the same baseless, often abused litany" of excuses that the request is overbroad, burdensome, not relevant or not calculated to lead to the discovery of admissible evidence.  Id. (citing Burkybile v. Mitsubishi Motors Corp., 2006 U.S. Dist. LEXIS 57892 at *6 (N.D. Ill. 2006)).

This Court has expressly applied these principles in cases that involve circumstances similar to those at issue here.  In Shapo v. Engle, for example, the Court granted a motion to compel the production of financial documents filed by a governmental entity who was the plaintiff in an action that, as here, alleged the illegal funneling of others' money and needed to determine where that money "ended up."  Shapo, 2001 U.S. Dist. LEXIS 2223 at *2 (N.D. Ill. 2001) (granting motion to compel production of financial documents filed by Illinois Director of Insurance in action against insurance company being liquidated and its parent companies).  This Court similarly recognized in U.S. EEOC v. Rush Prudential Health Plans, 1998 U.S. Dist. LEXIS 4170 (N.D. Ill. 1998), that the federal government may have an overriding interest in compelling the production of information where it is essential to carrying out a congressional mandate.  The Court granted the EEOC's motion to compel the production of the amount of a settlement payment because the information was relevant to determine whether the EEOC had "satisfie[d] its enforcement and deterrence missions."  Id. at *3.  In particular, the Court noted that "Having initiated this action in the public interest, EEOC 'should not be left to grope blindly in the dark.'"  Id. (citing Bennett v. Lapere, 112 F.R.D. 136, 141 (D.R.I. 1986)).

6

In this litigation, the SEC has alleged that the Defendants have defrauded numerous investors, and that Defendant Hyatt, in particular, misappropriated many millions of dollars from those investors. These stolen funds have not yet been fully accounted for. For example, a brand new $190,000 Bentley that Defendant Hyatt, acquired in exchange for two other automobiles (a Maserati and a Mercedes) originally acquired using stolen investor funds, is no longer in his possession. The SEC has no idea what funds Defendant Hyatt received for this automobile or where those funds were deposited.

As this Court is aware, Defendant Hyatt's known assets have long been frozen and turned over to the receiver in this case. Defendant Hyatt has still not obtained employment, and his wife is not employed. However, it appears that, among other expenses, Defendant Hyatt still employs a full-time nanny and housekeeper. This Court has already found that Defendant Hyatt and his wife violated the Court's April 18 asset freeze. See Docket No. 92. It is thus important that the SEC be able to identify any sources of funds flowing to Defendant Hyatt or any of the individuals or entities involved in this case who potentially could redirect funds to him, in potential violation of the asset freeze order. Particularly so if stolen investor funds are being recirculated in order to be used as defense fees for any of the individuals or entities involved. SEC v. Quinn, 997 F.2d 287, 289 (7th Cir. 1993). ("[A] swindler in securities markets cannot use the victims' assets to hire counsel who will help him retain the gleanings of crime.") See also SEC v. Cherif, 933 F.2d 403, 417 (7th Cir. 1991) (defendant cannot spend money allegedly obtained by fraud from another in order to defend himself against ensuing legal action).

In response to the SEC's June 30, 2008 subpoena (after being granted a two-week extension), BCI produced a CD-ROM full of redundant emails, most of which were missing attachments, while others contained completely unreadable attachments. It appears that BCI did

not even adequately review this production before turning over this CD-ROM. The SEC requested that BCI remedy the situation, but nearly eight weeks after the subpoena was issued, BCI has still not produced a proper response. Furthermore, the SEC's August 6 subpoena to BCI requests documents regarding, among other things, communications and payments to only one individual. The SEC does not understand why it would be so difficult for BCI to identify and promptly produce this limited category of documents. Finally, the SEC's August 6 subpoena to Rothgerber requested communications between Rothgerber (as agent of BCI) and counsel to Defendants Hyatt, Johnson, and HJ Capital. This is also a very limited scope subpoena, so Rothgerber should be able to easily identify its communications with the Defendants' law firms and promptly produce them. Thus far, BCI and Rothgerber have not offered any explanation as to why these limited scope subpoenas cannot be complied with in a timely manner, nor why their production in response to the June 30 subpoena was so severely deficient.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Commission respectfully requests that its Motion to Compel BCI and Rothgerber to respond immediately and fully to the SEC's subpoenas be granted.

Respectfully submitted,

s/ Robin Andrews
Gregory von Schaumburg, IL Bar No. 3127782
Robin Andrews, IL Bar No. 6285644
Attorneys for Plaintiff
U.S. SECURITIES AND
EXCHANGE COMMISSION
175 W. Jackson Blvd., Suite 900 Chicago, IL 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

Dated: August 22, 2008

# EXHIBIT 1



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
CHICAGO REGIONAL OFFICE
NINTH FLOOR
175 WEST JACKSON STREET
CHICAGO, ILLINOIS 60604

SALLY J. HEWITT                                          TELEPHONE: (312) 886-0819
SENIOR ATTORNEY                                                   FAX: (312) 353-7398
DIVISION OF ENFORCEMENT

June 30, 2008

**VIA EMAIL gkanan@rothgerber.com**

BCI Aircraft Leasing, Inc.
c/o Greg Kanan, Esq.
Rothgerber Johnson & Lyon LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO  80202

        Re:    **SEC v. Hyatt et al. (1:08-cv-2224)**

Dear Mr. Kanan:

        Enclosed please find a subpoena addressed to your client, BCI Aircraft Leasing, Inc., requiring the production of certain documents. Thank you for agreeing to accept service via email rather than personal service. We would appreciate it if you could number your responses, as required by the Federal Rules of Civil Procedure, consistent with the Commission's requests in the rider to the subpoena. If there are no documents responsive to a request, please also state that. Finally, if you have any questions or comments, please call me at (312) 886-0819.

                                        Sincerely,

                                        Sally Hewitt

                                        Sally Hewitt

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Colorado _____

U.S. Securities and Exchange Commission

V.

Jason R. Hyatt, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:08-2224, J. Lindberg

TO:  BCI Aircraft Leasing, Inc.
c/o Greg Kanan, Esq.
1200 Seventeenth Street-Suite 3000
Denver, CO  80202

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | **DATE AND TIME** |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached

| PLACE      175 W. Jackson Blvd., 9th Floor, Chicago, IL  60604 | DATE AND TIME  7/14/2008 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Sally Hewitt*  Attorney for Plaintiff | DATE  6/30/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sally Hewitt, U.S. Securities and Exchange Commission
175 W. Jackson Boulevard, Suite 900, Chicago, IL  60604

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                        _____
                                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT TO SUBPOENA

### Definitions

1. Unless otherwise indicated, these document requests cover the time period of **July 1, 2007** through the present.

2. The terms "you" and "your" shall be construed to mean the entity doing business under the name of BCI Aircraft Leasing, Inc., including its parents, successors, subsidiaries, related corporations including but not limited to Limited Liability Corporations ("LLCs"), partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

3. This request includes items in your possession, in your custody, or under your control. Items under your control or in your custody, but not in your immediate possession, are required to be obtained and submitted by you.

4. "Document" or "Documents" refer to all written or graphic matter, however produced or reproduced, or to any other tangible record, and without limitation, shall include, among other things: accounting and financial records, including but not limited to bank and financial statements, books, journals, ledgers, vouchers, voucher registers, trial balances, invoices, correspondence, tax slips, withdrawal slips, credit memoranda, debit memoranda, statements, drafts, check stubs, wire transfers and check registers; communications, including but not limited to voicemail, recordings of conversations, telephone logs, incoming correspondence, outgoing correspondence, memoranda, contracts, telegrams, teletypes, private wire messages, telephone billing records, outgoing electronic communications (including e-mails), and incoming electronic

communications (including e-mails), text messages and instant messages (IM); sales materials, including but not limited to prospectuses, offering memoranda, projection brochures, sales training manuals, sales guidelines, review guidelines and advertisements; charts; graphs; computer records; and papers similar to any of the foregoing.

5. The term "DeLaCosta" shall be construed to mean the entity doing business under the name of DeLaCosta at 465 East Illinois Street, Chicago, Illinois 60611, including its parents, successors, subsidiaries, related corporations including but not limited to Limited Liability Corporations ("LLCs"), partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

6. The term "Panacea Partners" shall be construed to mean the entity doing business under the name of Panacea Partners, LLC, including its parents, successors, subsidiaries, related corporations, partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

7. The term "DRG Group" shall be construed to mean the entity doing business under the name of DRG Group, LLC, including its parents, successors, subsidiaries, related corporations, partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

8. The term "Hyatt Johnson Capital" shall be construed to mean the entity doing business under the name of Hyatt Johnson Capital, LLC, including its parents, successors, subsidiaries, related corporations, partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

9. The term "Arlington Aviation" shall be construed to mean the entity doing business under the name of Arlington Aviation, including its parents, successors, subsidiaries, related corporations, partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

10. The term "Chicago Aviation Partners" shall be construed to mean the entity doing business under the name of Chicago Aviation Partners, LLC, including its parents, successors, subsidiaries, related corporations, partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

11. The term "Jason Hyatt" shall be construed to mean the individual named Jason R. Hyatt and any person, agent, affiliate, representative, principal, associate, partner, independent contractor, person acting on his behalf, employee and/or entity acting on his behalf and/or at his direction.

12. The term "Heidi Hyatt" shall be construed to mean the individual named Heidi Hyatt, formerly known as Heidi Herold and/or Heidi Kotnick, and any person, agent, affiliate, representative, principal, associate, partner, independent contractor, person acting on her behalf, employee and/or entity acting on her behalf and/or at her direction.

13. The term "Michael Demnicki" shall be construed to mean the individual named Michael Demnicki and any person, agent, affiliate, representative, principal, associate, partner, independent contractor, person acting on his behalf, employee and/or entity acting on his behalf and/or at his direction.

14. The term "Jay Johnson" shall be construed to mean the individual named Jay Johnson and any person, agent, affiliate, representative, principal, associate, partner, independent contractor, person acting on his behalf, employee and/or entity acting on his behalf and/or at his direction.

15. The term "Matthew Stoen" shall be construed to mean the individual named Matthew Stoen and any person, agent, affiliate, representative, principal, associate, partner, independent contractor, person acting on his behalf, employee and/or entity acting on his behalf and/or at his direction.

16. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these requests any document which might otherwise be considered beyond their scope.

17. A document that "relates to" or is "relating to" a given subject matter means and/or includes any document that constitutes, contains, embodies, comprises, identifies, states, refers to, deals with, comments upon, responds to, describes, analyzes, or is any way pertinent to that subject.

**Documents requested**

1. All Documents reflecting Communications with:

   a.  Jason Hyatt
   b.  Heidi Hyatt (formerly known as Heidi Herold or Heidi Kotnik)
   c.  Michael Demnicki
   d.  Jay Johnson
   e.  De La Costa
   f.  Panacea Partners
   g.  Matthew Stoen
   h.  DRG Group
   i.  Hyatt Johnson Capital
   j.  Arlington Aviation
   k.  Chicago Aviation Partners

2. All Documents relating to payments of anything of value to, or from, any of the following:

   a. Jason Hyatt
   b. Heidi Hyatt (formerly known as Heidi Herold or Heidi Kotnik)
   c. Michael Demnicki
   d. Jay Johnson
   e. De La Costa
   f. Panacea Partners
   g. Matthew Stoen
   h. DRG Group
   i. Hyatt Johnson Capital
   j. Arlington Aviation
   k. Chicago Aviation Partners

3.    All Documents relating to:

   a. Jason Hyatt
   b. Heidi Hyatt (formerly known as Heidi Herold or Heidi Kotnik)
   c. Michael Demnicki
   d. Jay Johnson
   e. De La Costa
   f. Panacea Partners
   g. Matthew Stoen
   h. DRG Group
   i. Hyatt Johnson Capital
   j. Arlington Aviation
   k. Chicago Aviation Partners

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>JASON R. HYATT,<br>JAY JOHNSON, and<br>HYATT JOHNSON CAPITAL, LLC<br><br>　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**CASE NO. 1:08-cv-2224**

**Hon. George W. Lindberg**

**Magistrate Judge Michael T. Mason**

### CERTIFICATE OF SERVICE

I, Sally Hewitt, an Attorney for Plaintiff Securities and Exchange Commission, hereby certify that on June 30, 2008, I caused true and correct copies of the foregoing to be served by email upon counsel for Defendants Jason Hyatt and Jay Johnson and the registered agent for Hyatt Johnson Capital, LLC as follows:

Thomas Leinenweber at thomas@landb.us

Mitchell Goldsmith at mgoldsmith@shefskylaw.com

Mark Rotert at mrotert@stetleranduffy.com

　　　　　　　　　　　　s/ Sally Hewitt_____
　　　　　　　　　　　　Sally Hewitt, Illinois Bar No. 6193997
　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　U.S. SECURITIES AND
　　　　　　　　　　　　EXCHANGE COMMISSION
　　　　　　　　　　　　175 W. Jackson Blvd., Suite 900
　　　　　　　　　　　　Chicago, IL  60604
　　　　　　　　　　　　Telephone:  (312)353-7390
　　　　　　　　　　　　Facsimile:  (312) 353-7398

# EXHIBIT 2



JH-BCI-001129

7/28/2008



JH-BCI-001130



JH-BCI-001131

JH-BCI-001132

7/28/2008

JH-BCI-001133

7/28/2008

JH-BCI-001134

7/28/2008

# EXHIBIT 3



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
CHICAGO REGIONAL OFFICE
NINTH FLOOR
175 WEST JACKSON STREET
CHICAGO, ILLINOIS 60604

ROBIN ANDREWS                                                    TELEPHONE: (312) 353-4304
STAFF ATTORNEY, DIVISION OF ENFORCEMENT                         FAX: (312) 353-7398

August 4, 2008

**Via Email**

Steven Csajaghy, Esq.
Rothgerber Johnson & Lyons LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202-5855

Re:    **SEC v. Hyatt et al. (1:08-cv-2224)**

Dear Mr. Csajaghy:

I write in regards to BCI Aircraft Leasing, Inc. ("BCI") and Brian Hollnagel's July 31, 2008 response to the SEC's June 30, 2008 subpoenas to BCI and Hollnagel in the above captioned case, which was a single CD-ROM containing numerous images. Upon review of this CD-ROM, the SEC has concluded that the response is severely deficient in numerous respects and thus requests a replacement response immediately.

First, although this CD-ROM contains numerous emails in response to the SEC's subpoenas, it appears that few, if any, of the numerous attachments to these emails were actually produced. Furthermore, many of these attachments appear to be Microsoft Excel (*.xls) files, which, if not produced in their native format, would result in loss of usable information. For example, bates numbers JH-BCI-001129 through JH-BCI-001227 constitute what appears to be an Excel spreadsheet or spreadsheets which, reduced to an image file, are completely unreadable and thus useless. Consequently, please provide attachments for all emails in their native format.

Second, with respect to most of the emails produced, it appears that this CD-ROM contains multiple copies of the same emails, at times producing ten or more of the same document. Such a redundant and duplicative production is improper and significantly impedes the SEC's ability to review the produced documents. In a replacement production, do not produce multiple copies of identical documents.

If BCI and Hollnagel do not provide a replacement response in a timely manner, the SEC will be forced to seek remedy from the Court.

Finally, it appears that BCI and Hollnagel did not produce any documents (1) existing after December 2007, (2) responsive to subpoena categories 2(a) through (k) – except 2(i) – existing at any time, or (3) responsive to subpoena categories 3(e), (f), (g), and (k) existing at any time.  Please confirm that no documents in any of these categories exist.

If you have any questions or comments, please call me at (312) 353-4304.

Sincerely,

s/ Robin Andrews

Robin Andrews
Staff Attorney

cc: Greg Kanan, Esq.

# EXHIBIT 4



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
CHICAGO REGIONAL OFFICE
NINTH FLOOR
175 WEST JACKSON STREET
CHICAGO, ILLINOIS 60604

ROBIN ANDREWS                                                    TELEPHONE:  (312) 353-4304
STAFF ATTORNEY, DIVISION OF ENFORCEMENT                         FAX:  (312) 353-7398

August 7, 2008

**Via Email**

Steven Csajaghy, Esq.
Rothgerber Johnson & Lyons LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202-5855

Re:    **SEC v. Hollnagel et al. (1:07-cv-4538)**
       **SEC v. Hyatt et al. (1:08-cv-2224)**

Dear Mr. Csajaghy:

I write to follow up on the issues raised in my letters of July 31, 2008 and August 4, 2008, and other outstanding discovery matters in the above captioned cases regarding BCI and Mr. Hollnagel (collectively, "BCI").  I am in receipt of your email yesterday, in which you state that "We also are looking into the issues in your letter regarding the subpoenas issued in the Hyatt matter, and your letter of July 31.  We will respond to those letters as soon as possible." However, many of the issues I raised in those letters have been outstanding for quite some time. Other issues could be easily addressed in a prompt manner.  If BCI does not produce a substantive response regarding the following issues by noon on Monday, August 11, the SEC will seek remedy from the Court as expeditiously as possible.

First, as I explained in my August 4 letter, BCI's July 31 response to the SEC's June 30 subpoenas to BCI in <u>SEC v. Hyatt et al.</u> is severely deficient in numerous respects: (1) BCI produced few, if any, of the attachments to the produced emails, and (2) the production contained multiple copies of the same emails, at times producing ten or more of the same document.  These deficiencies are easy to identify through even a cursory review of the documents.  Please indicate whether BCI will produce a replacement production in response to this subpoena, and when the SEC can expect to receive it.  Also, the June 30 subpoenas asked that categories for which no documents existed be identified; this request was repeated in my August 4 letter where we laid out the specific requests for BCI.  This still has not been done. The SEC accordingly reiterates its request that BCI please confirm that no documents exist in the categories outlined at the end of my August 4 letter.

Second, the SEC is still not in receipt of BCI's production of all emails created from October 2007 through at least the end of 2007. The SEC first specifically requested this discrete category of documents from BCI in early January 2008. It is unclear why, seven months later, BCI has still not produced these emails. The SEC also expects all emails to be produced through the end of February 2008. As for emails starting March 1, 2008, as I detailed in my July 31 letter, the SEC believes that the requested document categories were, and continue to be, relevant, but the SEC is willing, for the time being, to limit the scope of documents required to be produced, as outlined in that letter. Please indicate whether BCI will produce (1) all emails from October 2007 through March 1, 2008, and (2) emails from March 1, 2008 on wards responsive to the discrete categories outlined in my July 31 letter. Please also indicate when the SEC can expect to receive these emails.

Third, as I also detailed in my July 31 letter, two weeks ago the SEC requested an updated version of BCI's accounting records (including for all related entities), including but not limited to QuickBooks. Please indicate whether BCI will produce these documents, and when the SEC can expect to receive them.

Fourth, as I also detailed in my July 31 letter, BCI's production index does not specify in particularity the categories of documents located on each CD-ROM produced by BCI. Moreover, the index is inaccurate in some cases. Please indicate whether BCI will be producing a corrected and updated production index, and when the SEC can expect to receive it.

Finally, as I also detailed in my July 31 letter, the SEC has still not received any of the documents that BCI previously withheld due to a purported "accountant-client privilege," including but not limited to communications with its former auditor and tax preparer, Blackman Kallick. As the SEC has repeatedly pointed out since the beginning of this litigation, such a privilege does not exist in this Court. Please indicate whether BCI will be producing these improperly withheld documents and when the SEC can expect to receive them.

If you have any questions or comments, please call me at (312) 353-4304.

Sincerely,

s/ Robin Andrews

Robin Andrews
Staff Attorney

cc: Greg Kanan, Esq.

# EXHIBIT 5



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
CHICAGO REGIONAL OFFICE
NINTH FLOOR
175 WEST JACKSON STREET
CHICAGO, ILLINOIS 60604

SALLY J. HEWITT
SENIOR ATTORNEY
DIVISION OF ENFORCEMENT

TELEPHONE: (312) 886-0819
FAX: (312) 353-7398

August 6, 2008

**VIA EMAIL gkanan@rothgerber.com**

BCI Aircraft Leasing, Inc.
c/o Greg Kanan, Esq.
Rothgerber Johnson & Lyon LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202

      Re:    **SEC v. Hyatt et al. (1:08-cv-2224)**

Dear Mr. Kanan:

      Enclosed please find a subpoena addressed to your client, BCI Aircraft Leasing, Inc., requiring the production of certain documents. Thank you for agreeing to accept service via email rather than personal service. We would appreciate it if you could number your responses, as required by the Federal Rules of Civil Procedure, consistent with the Commission's requests in the rider to the subpoena. If there are no documents responsive to a request, please also state that. Finally, if you have any questions or comments, please call me at (312) 886-0819.

                        Sincerely,

                        Sally Hewitt
                        Sally Hewitt

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Colorado _____

U.S. Securities and Exchange Commission

V.

Jason R. Hyatt, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:08-2224, J. Lindberg

TO:  BCI Aircraft Leasing, Inc.
    c/o Greg Kanan, Esq.
    1200 17th Street - Suite 3000
    Denver, CO  80202

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached

| PLACE    175 W. Jackson Blvd., 9th Floor, Chicago, IL  60604 | DATE AND TIME   8/20/2008 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Sally Hewitt    Attorney for Plaintiff* | 8/6/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sally Hewitt, U.S. Securities and Exchange Commission
175 W. Jackson Boulevard, Suite 900, Chicago, IL  60604

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT TO SUBPOENA

### Definitions

1. Unless otherwise indicated, these document requests cover the time period of **March 1, 2007** through the present.

2. The terms "you" and "your" shall be construed to mean the entity doing business under the name of BCI Aircraft Leasing, Inc., including its parents, successors, subsidiaries, related corporations including but not limited to Limited Liability Corporations ("LLCs"), Special Purpose Entities ("SPEs"), partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

3. This request includes items in your possession, in your custody, or under your control. Items under your control or in your custody, but not in your immediate possession, are required to be obtained and submitted by you.

4. "Document" or "Documents" refer to all written or graphic matter, however produced or reproduced, or to any other tangible record, and without limitation, shall include, among other things: accounting and financial records, including but not limited to bank and financial statements, books, journals, ledgers, vouchers, voucher registers, trial balances, invoices, correspondence, tax slips, withdrawal slips, credit memoranda, debit memoranda, statements, drafts, check stubs, wire transfers and check registers; communications, including but not limited to voicemail, recordings of conversations, telephone logs, incoming correspondence, outgoing correspondence, memoranda, contracts, telegrams, teletypes, private wire messages, telephone billing records, outgoing electronic communications (including e-mails), and incoming electronic

communications (including e-mails), text messages and instant messages (IM); sales materials, including but not limited to prospectuses, offering memoranda, projection brochures, sales training manuals, sales guidelines, review guidelines and advertisements; charts; graphs; computer records; and papers similar to any of the foregoing.

5.    The term "Charles Dyer" shall be construed to mean the individual named Charles G. Dyer and any person, agent, affiliate, representative, principal, associate, partner, independent contractor, person acting on his behalf, employee and/or entity acting on his behalf and/or at his direction.

6.    The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these requests any document which might otherwise be considered beyond their scope.

7.    A document that "relates to" or is "relating to" or "reflecting" a given subject matter means and/or includes any document that constitutes, contains, embodies, comprises, identifies, states, refers to, deals with, comments upon, responds to, describes, analyzes, or is any way pertinent to that subject.

8.    "Communication" and/or "communications" should be construed in the broadest sense and encompasses any verbal, written, telephonic or electronic communication in any form.

### Documents requested

1.    All documents reflecting communications with Charles Dyer

2.    All documents relating to payments of anything of value to, or from, Charles Dyer

3.    All other documents relating to Charles Dyer

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| JASON R. HYATT, JAY JOHNSON, and HYATT JOHNSON CAPITAL, LLC | : <br> : <br> : |
| Defendants. | : <br> : |

**CASE NO. 1:08-cv-2224**

**Hon. George W. Lindberg**

**Magistrate Judge Michael T. Mason**

### CERTIFICATE OF SERVICE

I, Sally Hewitt, an Attorney for Plaintiff Securities and Exchange Commission, hereby certify that on August 6, 2008, I caused true and correct copies of the foregoing to be served by email upon counsel for Defendants Jason Hyatt and Jay Johnson and the Receiver for Hyatt Johnson Capital, LLC as follows:

Thomas Leinenweber at thomas@landb.us

Mark Rotert at mrotert@stetlerandduffy.com

rhandler@com-rec.com and pjacobi@sff-law.com

s/ Sally Hewitt_____
Sally Hewitt, Illinois Bar No. 6193997
Attorney for Plaintiff
U.S. SECURITIES AND
EXCHANGE COMMISSION
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Telephone: (312)353-7390
Facsimile: (312) 353-7398

# EXHIBIT 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ERIC E. RESTEINER,
VOLDEMAR A. VONSTRASDAS,
MILES M. HARBUR,
CHARLES G. DYER,
RESOURCE F, LLC, and
BUNKER HILL AVIATION, LLC

Defendants.

C.A. No. 01-CV-10637 (PBS)

# FINAL JUDGMENT AS TO DEFENDANTS CHARLES G. DYER, RESOURCE F, LLC AND BUNKER HILL AVIATION LLC

Plaintiff Securities and Exchange Commission (the "Commission"), having filed a

Complaint, and Defendants Charles G. Dyer, Resource F, LLC, and Bunker Hill Aviation, LLC

(collectively, "Defendants") having entered a general appearance; consented to the Court's

jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Charles G.

Dyer, Resource F, LLC, and Bunker Hill Aviation, LLC, and their agents, servants, employees,



attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Charles G. Dyer, Resource F, LLC, and Bunker Hill Aviation, LLC, and their agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails,

2

directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Charles G. Dyer and Resource F, LLC, and their agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

3

       instruments of transportation, any such security for the purpose of sale or for

       delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in

       interstate commerce or of the mails to offer to sell or offer to buy through the use

       or medium of any prospectus or otherwise any security, unless a registration

       statement has been filed with the Commission as to such security, or while the

       registration statement is the subject of a refusal order or stop order or (prior to the

       effective date of the registration statement) any public proceeding of examination

       under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

Charles G. Dyer, and his agents, servants, employees, attorneys, assigns, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the

Exchange Act [15 U.S.C. § 78o(a)], by, directly or indirectly, effecting securities transactions for

the account of others or engaging in business as a dealer without being registered as a broker-

dealer or being associated with a registered broker-dealer for purposes of those transactions or

that business.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

Charles G. Dyer, Resource F, LLC, and Bunker Hill Aviation, LLC, are liable, on a joint and

4

several basis, for disgorgement in the amount of $472,590, representing their gains from the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $99,321.75, for a total of $571,911.75.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Charles G. Dyer shall pay a civil penalty in the amount of $110,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. sec. 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. sec. 78u(d)(3)].

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall satisfy their disgorgement and penalty obligations by making payments according to the following schedule:

a. Within three (3) days of entry of this Final Judgment, a payment of $100,000;

b. Within thirty (30) days of entry of this Final Judgment or March 15, 2003, whichever is later, a payment of an additional $100,000;

c. Within one hundred eighty (180) days of entry of this Final Judgment or September 1, 2003, whichever is later, a payment of an additional $160,000;

d. Within two hundred seventy (270) days of entry of this Final Judgment or October 15, 2003, whichever is later, a payment of an additional $160,000;

e.  Within three hundred thirty (330) days of entry of this Final Judgment or December 31, 2003, whichever is later, a payment of an additional $161,911.75, plus post-judgment interest of $5,755.84;

And that all payments shall be made to the Clerk of this Court, together with a cover letter identifying Defendants Charles G. Dyer, Resource F, LLC, and Bunker Hill Aviation, LLC as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that each payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of such payments and letters to the Commission's counsel in this action.  By making these payments, Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS").  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court.  In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten (10) percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.  The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

6

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Modified Preliminary Injunction Order and Order Freezing Assets and Other Equitable Relief dated August 15, 2001 (the "August 15, 2001 Order") is hereby dissolved, except as noted herein, but solely with respect to the Defendants Charles G. Dyer, Resource F, LLC, and Bunker Hill Aviation, LLC; that the August 15, 2001 Order shall remain in effect as to 47 acres of woodland property located in Nottingham, New Hampshire that is owned and controlled by defendant Charles G. Dyer, unless and until the defendants have timely made all of the payments specified in Section VII of this Final Judgment; that the attachment of defendant Charles G. Dyer's real estate located at 25 Smiths Point Road, Manchester, Massachusetts, approved by the Court's Order dated January 4, 2002, is dissolved; and that defendant Charles G. Dyer will prepare and submit for authorization, approval, and execution by Commission counsel, as appropriate, any documents necessary to effect the dissolution of the real estate attachment described herein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the annexed Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over Defendants Charles G. Dyer, Resource F, LLC and Bunker Hill Aviation, LLC

for all purposes including the implementation and enforcement of the terms and conditions of this Final Judgment.

DONE AND ORDERED at Boston, Massachusetts this __1 5__ day of __September,__ 2003.

HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

8

Charles G. Dyer: Admin. Proc. Rel. No. 34-48642 / October 16, 2003     Page 1 of 3

Case 1:08-cv-02224     Document 109-7     Filed 08/22/2008     Page 10 of 11



U.S. Securities and Exchange Commission

## UNITED STATES OF AMERICA
## before the
## SECURITIES AND EXCHANGE COMMISSION

**SECURITIES EXCHANGE ACT OF 1934**
**Release No. 48642 / October 16, 2003**

**INVESTMENT ADVISERS ACT OF 1940**
**Release No. 2182 / October 16, 2003**

**ADMINISTRATIVE PROCEEDING**
**File No. 3-11302**

| | |
|---|---|
| In the Matter of<br><br>CHARLES G. DYER,<br><br>Respondent. | ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 15(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND SECTION 203(f) OF THE INVESTMENT ADVISERS ACT OF 1940, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS |

### I.

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act") against Charles G. Dyer ("Respondent" or "Dyer").

### II.

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings, and the findings contained in Section III.2 below, which are admitted, Respondent consents to the entry of this Order Instituting Administrative Proceedings Pursuant to Section 15(b) of the Securities Exchange Act of 1934 and Section 203(f) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial Sanctions ("Order"), as set forth below.

Charles G. Dyer: Admin. Proc. Rel. No. 34-48642 / October 16, 2003    Page 2 of 3

Case 1:08-cv-02224    Document 109-7    Filed 08/22/2008    Page 11 of 11

### III.

On the basis of this Order and Respondent's Offer, the Commission finds that:

1. Dyer was affiliated with Hawthorne Investment Trust (File No. 811-5982), an investment company registered with the Commission from 1989 to 2001. In addition, Dyer was an associated person of Hawthorne Associates, Inc. (File No. 801-26536), an investment adviser registered with the Commission from 1986 to 2000, and Mustang Capital, LLC (File No. 801-51536), an investment adviser registered with the Commission from 1996 to 1999. Dyer also acted as an unregistered broker and offered and sold unregistered securities from at least in or about late 1998 through at least in or about early 2000. Dyer, 65 years old, is a resident of Manchester, Massachusetts.

2. On September 15, 2003, a final judgment was entered by consent against Dyer, permanently enjoining him from future violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 15(a) of the Exchange Act, and Rule 10b-5 thereunder, in the civil action entitled *Securities and Exchange Commission v. Eric E. Resteiner, et al.*, Civil Action Number 01-CV-10637 (PBS), in the United States District Court for the District of Massachusetts.

3. The Commission's complaint alleged that, from in or about late 1998 through in or about early 2000, Dyer offered and sold securities for investment in a fictitious "trading program" that, like "prime bank" schemes, promised high, risk-free returns through trading in high quality debt instruments. The complaint alleged that Dyer, acting through two companies that he formed and controlled, received "performance" fees and fees for managing and administering investments in the fictional trading program. The complaint also alleged that Dyer otherwise engaged in a variety of conduct that operated as a fraud and deceit on investors; acted as an unregistered broker; and sold unregistered securities.

### IV.

In view of the foregoing, the Commission deems it appropriate and in the public interest to impose the sanctions specified in Respondent Dyer's Offer.

ACCORDINGLY, IT IS HEREBY ORDERED:

Pursuant to Section 15(b)(6) of the Exchange Act and Section 203(f) of the Advisers Act, that Respondent Dyer be, and hereby is barred from association with any broker, dealer, or investment adviser.

By the Commission.

> Jonathan G. Katz
> Secretary

*http://www.sec.gov/litigation/admin/34-48642.htm*

Modified: 10/16/2003

# EXHIBIT 7



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
CHICAGO REGIONAL OFFICE
NINTH FLOOR
175 WEST JACKSON STREET
CHICAGO, ILLINOIS 60604

SALLY J. HEWITT
SENIOR ATTORNEY
DIVISION OF ENFORCEMENT

TELEPHONE: (312) 886-0819
FAX: (312) 353-7398

August 6, 2008

**VIA EMAIL gkanan@rothgerber.com**

Rothgerber Johnson & Lyon LLP
c/o Greg Kanan, Esq.
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO  80202

        **Re:**    **SEC v. Hyatt et al. (1:08-cv-2224)**

Dear Mr. Kanan:

        Enclosed please find a subpoena addressed to Rothgerber Johnson & Lyon LLP requiring the production of certain documents.  The SEC believes that at least some of these documents may have been called for by earlier discovery requests to BCI and/or Hollnagel.  I have not heard from you regarding my inquiry earlier today as to whether Rothgerber Johnson & Lyon LLP was willing to accept service of a subpoena in this lawsuit by email, rather than personal service, as it has done in the SEC v Hyatt lawsuit.  Therefore, if the firm is *not* willing to accept service by email, please let me know immediately.

        We would appreciate it if the firm could number its responses, as required by the Federal Rules of Civil Procedure, consistent with the Commission's requests in the rider to the subpoena. If there are no documents responsive to a request, please also state that.  Finally, if you have any questions or comments, please call me at (312) 886-0819.

                      Sincerely,

                      Sally Hewitt
                      Sally Hewitt

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Colorado _____

U.S. Securities and Exchange Commission

V.

Jason R. Hyatt, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:08-2224, J. Lindberg

TO:    Rothgerber Johnson & Lyon LLP
       c/o Greg Kanan, Esq.
       1200 17th Street - Suite 3000
       Denver, CO  80202

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached

| PLACE        175 W. Jackson Blvd., 9th Floor, Chicago, IL  60604 | DATE AND TIME<br>8/20/2008 9:30 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Sally Hewitt*    Attorney for Plaintiff | DATE<br>8/6/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sally Hewitt, U.S. Securities and Exchange Commission
175 W. Jackson Boulevard, Suite 900, Chicago, IL  60604

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                     DATE                              SIGNATURE OF SERVER

                                                       _____
                                                       ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT TO SUBPOENA

### Definitions

1. Unless otherwise indicated, these document requests cover the time period of **March 1, 2007** through the present.

2. The terms "you" and "your" shall be construed to mean the entity doing business under the name of Rothgerber Johnson & Lyon LLP, including its parents, successors, subsidiaries, related corporations, partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

3. This request includes items in your possession, in your custody, or under your control. Items under your control or in your custody, but not in your immediate possession, are required to be obtained and submitted by you.

4. "Document" or "Documents" refer to all written or graphic matter, however produced or reproduced, or to any other tangible record, and without limitation, shall include, among other things: accounting and financial records, including but not limited to bank and financial statements, books, journals, ledgers, vouchers, voucher registers, trial balances, invoices, correspondence, tax slips, withdrawal slips, credit memoranda, debit memoranda, statements, drafts, check stubs, wire transfers and check registers; communications, including but not limited to voicemail, recordings of conversations, telephone logs, incoming correspondence, outgoing correspondence, memoranda, contracts, telegrams, teletypes, private wire messages, telephone billing records, outgoing electronic communications (including e-mails), and incoming electronic communications (including e-mails), text messages and instant messages (IM); sales materials,

including but not limited to prospectuses, offering memoranda, projection brochures, sales training manuals, sales guidelines, review guidelines and advertisements; charts; graphs; computer records; and papers similar to any of the foregoing.

5. The term "Shefsky & Froelich" shall be construed to mean the entity doing business under the name of Shefsky & Froelich, including its parents, successors, subsidiaries, related corporations, partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

6. The term "Winston & Strawn" shall be construed to mean the entity doing business under the name of Winston & Strawn, LLP, including its parents, successors, subsidiaries, related corporations, partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

7. The term "Latham & Watkins" shall be construed to mean the entity doing business under the name of Latham & Watkins, LLP, including its parents, successors, subsidiaries, related corporations, partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

8. The term "Katten Muchin Rosenman" shall be construed to mean the entity doing business under the name of Katten Muchin & Rosenman LLP, including its parents, successors,

subsidiaries, related corporations, partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

9. The term "Hyatt Johnson Capital" shall be construed to mean the entity doing business under the name of Hyatt Johnson Capital LLC, including its parents, successors, subsidiaries, related corporations, partnerships or professional associations, joint venture partners, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

10. The term "Jason Hyatt" shall be construed to mean the individual named Jason R. Hyatt and any person, agent, affiliate, representative, principal, associate, partner, independent contractor, person acting on his behalf, employee and/or entity acting on his behalf and/or at his direction.

11. The term "Jay Johnson" shall be construed to mean the individual named Jay Johnson and any person, agent, affiliate, representative, principal, associate, partner, independent contractor, person acting on his behalf, employee and/or entity acting on his behalf and/or at his direction.

12. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these requests any document which might otherwise be considered beyond their scope.

13. A document that "relates to" or is "relating to" or "reflecting" a given subject matter means and/or includes any document that constitutes, contains, embodies, comprises, identifies,

states, refers to, deals with, comments upon, responds to, describes, analyzes, or is any way

pertinent to that subject.

14. "Communication" and/or "communications" should be construed in the broadest

sense and encompasses any verbal, written, telephonic or electronic communication in any form.

### Documents requested

1. All documents reflecting communications regarding Jason Hyatt, Jay Johnson, or Hyatt
   Johnson Capital with:

   a. Shefsky & Froelich
   b. Winston & Strawn LLP
   c. Latham & Watkins, LLP
   d. Katten Muchin Rosenman LLP

2. All documents reflecting communications with:
   a. Jason Hyatt
   b. Jay Johnson
   c. Hyatt Johnson Capital

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES** : | |
| **AND EXCHANGE COMMISSION,** : | |
| : | **CASE NO.  1:08-cv-2224** |
| **Plaintiff,** : | |
| : | **Hon. George W. Lindberg** |
| **v.** : | |
| : | **Magistrate Judge Michael T. Mason** |
| **JASON R. HYATT,** : | |
| **JAY JOHNSON, and** : | |
| **HYATT JOHNSON CAPITAL, LLC** : | |
| : | |
| **Defendants.** : | |
| : | |

### CERTIFICATE OF SERVICE

I, Sally Hewitt, an Attorney for Plaintiff Securities and Exchange Commission, hereby

certify that on August 6, 2008, I caused true and correct copies of the foregoing to be served by

email upon counsel for Defendants Jason Hyatt and Jay Johnson and the Receiver for Hyatt

Johnson Capital, LLC as follows:

Thomas Leinenweber at thomas@landb.us

Mark Rotert at mrotert@stetlerandduffy.com

rhandler@com-rec.com and pjacobi@sff-law.com

s/ Sally Hewitt_____
Sally Hewitt, Illinois Bar No. 6193997
Attorney for Plaintiff
U.S. SECURITIES AND
EXCHANGE COMMISSION
175 W. Jackson Blvd., Suite 900
Chicago, IL  60604
Telephone:  (312)353-7390
Facsimile:  (312) 353-7398

# EXHIBIT 8

**Andrews, Robin**

| | |
|---|---|
| **From:** | Andrews, Robin |
| **Sent:** | Wednesday, August 20, 2008 4:36 PM |
| **To:** | 'Stephen Csajaghy' |
| **Cc:** | 'Greg Kanan'; 'Paula Junghans' |
| **Subject:** | RE: SEC v. Hyatt - Subpoenas |

Steve:

I have received your voicemails and the below email.

The SEC notes that, according to our discussion last Wednesday (August 13), we were supposed to receive the following categories of documents by now:
1. Current version of Quickbooks for BCI and all related entities 2. BCI emails through 12/31/07 3. Documents in response to SEC's June 30, 2008 subpoenas to BCI and Hollnagel (replacement production)

Please note that the June 30, 2008 subpoenas to BCI and Hollnagel were due July 14, but we granted a two-week extension to July 28. On July 31, we finally received their production, which, as I articulated in my August 4, 2008 letter to you, was severely deficient. We have not received a replacement production with, among other things, missing attachments to emails (as I noted, please produce all excel files in native format).

Additionally, you were expected to tell us by now when we can expect to receive:
4. BCI emails from 1/1/08 through 6/30/08 5. Previous productions in Concordance format (in lieu of detailed index, which BCI has declined to provide)

In light of BCI's failure to produce the above documents, the SEC will not grant BCI, Hollnagel, and Rothgerber extensions to the SEC's three August 6, 2008 subpoenas (which are due today, August 20). Further, we intend to seek remedy from the Court on these issues.

Robin Andrews
Staff Attorney
U.S. Securities and Exchange Commission
Division of Enforcement
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
T: (312) 353-4304
F: (312) 353-7398
andrewsr@sec.gov


-----Original Message-----
From: Stephen Csajaghy [mailto:scsajaghy@rothgerber.com]
Sent: Tuesday, August 19, 2008 6:14 PM
To: Andrews, Robin
Cc: Greg Kanan; Paula Junghans
Subject: SEC v. Hyatt - Subpoenas


Robin -

I am sending this email to confirm the voice message I left for you earlier this afternoon. Given the large amount of work we have been doing on the various other discovery issues in the BCI case, we need an additional two weeks to respond to the subpoenas the SEC issued to our firm, to BCI and to Mr. Hollnagel from the Hyatt case. These subpoenas were sent to Greg Kanan via email with cover letters dated August 6, 2008. Please let us know the SEC's position on this extension of time.

Thank you.
Steve Csajaghy

Stephen E. Csajaghy, Esq.
Rothgerber Johnson & Lyons LLP
1200 Seventeenth Street, Suite 3000
Denver, CO 80202
303.628.9512
303.623.9222 (fax)
scsajaghy@rothgerber.com

# EXHIBIT 9

**Andrews, Robin**

---

| | |
|---|---|
| **From:** | Stephen Csajaghy [scsajaghy@rothgerber.com] |
| **Sent:** | Wednesday, August 20, 2008 5:01 PM |
| **To:** | Andrews, Robin |
| **Cc:** | Greg Kanan; Paula Junghans |
| **Subject:** | RE: SEC v. Hyatt - Subpoenas |

Counsel -

We do not agree with your characterization of our discussions. We have informed the SEC on several occasions that we are collecting and preparing all of these materials. It cannot be done instantaneously. The materials you have requested are incredibly voluminous, and it is very expensive and time-consuming to produce this information. Regardless, we expect to produce these remaining materials in the very near future.

Notably, we sent you a letter this week with numerous disks of documents, including documents were produced months ago in this case, but were never reviewed by the SEC. We will continue to provide the SEC with the materials it has requested, including the documents responsive to the second round of subpoenas it issued from the Hyatt case.


Stephen E. Csajaghy, Esq.
Rothgerber Johnson & Lyons LLP
1200 Seventeenth Street, Suite 3000
Denver, CO 80202
303.628.9512
303.623.9222 (fax)
scsajaghy@rothgerber.com

>>> "Andrews, Robin" <andrewsr@sec.gov> 8/20/2008 3:35 PM >>>
Steve:

I have received your voicemails and the below email.

The SEC notes that, according to our discussion last Wednesday (August 13), we were supposed to receive the following categories of documents by now:
1. Current version of Quickbooks for BCI and all related entities 2. BCI emails through 12/31/07 3. Documents in response to SEC's June 30, 2008 subpoenas to BCI and Hollnagel (replacement production)

Please note that the June 30, 2008 subpoenas to BCI and Hollnagel were due July 14, but we granted a two-week extension to July 28. On July 31, we finally received their production, which, as I articulated in my August 4, 2008 letter to you, was severely deficient. We have not received a replacement production with, among other things, missing attachments to emails (as I noted, please produce all excel files in native format).

Additionally, you were expected to tell us by now when we can expect to receive:
4. BCI emails from 1/1/08 through 6/30/08 5. Previous productions in Concordance format (in lieu of detailed index, which BCI has declined to provide)

In light of BCI's failure to produce the above documents, the SEC will not grant BCI, Hollnagel, and Rothgerber extensions to the SEC's three August 6, 2008 subpoenas (which are due today, August 20). Further, we intend to seek remedy from the Court on these issues.

Robin Andrews
Staff Attorney
U.S. Securities and Exchange Commission
Division of Enforcement
175 W. Jackson Blvd., Suite 900

Chicago, IL 60604
T: (312) 353-4304
F: (312) 353-7398
andrewsr@sec.gov


-----Original Message-----
From: Stephen Csajaghy [mailto:scsajaghy@rothgerber.com]
Sent: Tuesday, August 19, 2008 6:14 PM
To: Andrews, Robin
Cc: Greg Kanan; Paula Junghans
Subject: SEC v. Hyatt - Subpoenas


Robin -

I am sending this email to confirm the voice message I left for you earlier this
afternoon.  Given the large amount of work we have been doing on the various other
discovery issues in the BCI case, we need an additional two weeks to respond to the
subpoenas the SEC issued to our firm, to BCI and to Mr. Hollnagel from the Hyatt case.
These subpoenas were sent to Greg Kanan via email with cover letters dated August 6, 2008.
Please let us know the SEC's position on this extension of time.

Thank you.
Steve Csajaghy

Stephen E. Csajaghy, Esq.
Rothgerber Johnson & Lyons LLP
1200 Seventeenth Street, Suite 3000
Denver, CO 80202
303.628.9512
303.623.9222 (fax)
scsajaghy@rothgerber.com