IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff<br><br>   v.<br><br>JASON R. HYATT,<br>JAY JOHNSON, AND<br>HYATT JOHNSON CAPITAL, LLC,<br><br>        Defendants. | No. 1:08-cv-2224<br><br>Hon. George W. Lindberg<br><br>Magistrate Judge Michael T. Mason |

**MOTION OF NON-PARTIES BCI AIRCRAFT LEASING, INC. AND BRIAN HOLLNAGEL FOR LEAVE TO FILE MOTION TO VACATE COURT'S SEPTEMBER 3, 2008 ORDER MAKING FINDINGS OF CONTEMPT BY BCI AIRCRAFT LEASING, INC. AND BRIAN HOLLNAGEL AND OTHER RELIEF, *INSTANTER***

Non-parties BCI Aircraft Leasing, Inc. ("BCI") and Brian N. Hollnagel ("Hollnagel") (collectively, "BCI Entities"), through their undersigned counsel and pursuant to LR 5.6, hereby request that the Court grant them Leave to file their Motion to Vacate Court's Order Making Findings of Contempt by BCI Aircraft Leasing, Inc. and Brian Hollnagel and Other Relief, *Instanter*, which is being filed concurrently herewith. The BCI Entities state as follows:

1.      On September 3, 2008 – fewer than three business days after the SEC filed its Motion for Rule to Show Cause ("Motion") relating to two subpoenas *duces tecum* it issued to the BCI Entities – the Court entered an Order holding the BCI Entities in contempt ("Contempt Order") for allegedly failing to comply with the subpoenas.

2.	The BCI Entities request Leave to file their Motion to Vacate because the Contempt Order is invalid for several reasons, which are more fully described in the Motion to Vacate:

►	First, the BCI Entities have not violated any orders of the Court, which is an absolute prerequisite to a finding of contempt.  In re Betts, 927 F.2d 983, 986 (7th Cir. 1991); Stotler and Co. v. Able, 870 F.2d 1158, 1163 (7th Cir. 1989); Ferrell v. Pierce, 785 F.2d 1372, 1378 (7th Cir.1986).

►	Second, the SEC's Motion was procedurally improper.  Local Rule 37.1 requires that, when a litigant attempts to hold in contempt a non-party who has not previously appeared in the action through counsel, that the litigant serve the non-party personally in accordance with Fed. R. Civ. P. 4.  The SEC failed to serve the BCI Entities in this manner.

►	Third, the SEC misled both the BCI Entities and the Court when it apparently requested that these non-parties be held in contempt.  In its Motion, the SEC *never requested* that the BCI Entities be held in contempt and *never informed* them that it would seek immediately that extraordinary remedy.  Instead, the SEC asked the Court to "enter an order requiring [the BCI Entities] to show cause as to why they should not be held in contempt."  (Motion at p. 12)  Moreover, the SEC *never informed* the BCI Entities that it would ask the Court on September 3 for a finding of contempt.  The SEC's "Notice of Motion" states that on September 3, 2008 at 9:30 a.m., the SEC will "then and there present, and *seek a hearing date regarding*, the SEC's" Motion.  Rather than seeking a future hearing date on its request for an order to show cause, on September 3, 2008 the SEC apparently submitted a proposed order to the Court and requested that the Court hold the BCI Entities, non-parties, in contempt.

▶    Fourth, the SEC's approach to the remedy it stated it would seek has denied the BCI Entities any opportunity to respond to the SEC's Motion and denied the BCI Entities due process.

▶    Fifth, the BCI Entities have produced everything the SEC has requested.

3.    For theses reasons, the BCI Entities request that the Court grant them leave to file their Motion to Vacate the Contempt Order, *Instanter*.

Dated:  September 4, 2008

/s/ Stephen A. Wood
Stephen A. Wood
Matthew C. Luzadder
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL  60606
T: (312) 857-7070
F: (312) 857-7095

Gregory B. Kanan*
Stephen E. Csajaghy*
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO  80202
T: (303) 623-9000
F: (303) 623-9222

* Applications for *Pro Hac Vice* Admission pending

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2008, I caused the foregoing to be served upon the following counsel of record electronically before the hour of 6:00 p.m.:

Gregory von Schaumburg, Esq.
Robin Andrews, Esq.
Division of Enforcement
Securities and Exchange Commission
175 W. Jackson Boulevard
Chicago, Illinois 60604

Henry M. Baskerville
Stelter & Duffy, Ltd.
11 S. LaSalle, Suite 1200
Chicago, IL 60603
hbasker@stetlerandduffy.com

Paula K. Jacobi
Barnes & Thornburg LLP
1 North Wacker Dr.
Suite 4400
Chicago, IL 60602
pjacobi@btlaw.com

Thomas More Leinenweber
Leinenweber & Baroni, LLC
321 South Plymouth Court
11th Floor
Chicago, IL 60604
thomas@landb.us

Matthew John McQuaid
53 West Jackson
Suite 1420
Chicago, IL 60604
mcquaidmat@aol.com

Mark L. Rotert
Stetler & Duffy, Ltd.
11 South LaSalle, Suite 1200
Chicago, IL 60603
mrotert@stetlerandduffy.com

Dated: September 4, 2008

/s/ Stephen A. Wood
Stephen A. Wood
Matthew C. Luzadder
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL  60606
T: (312) 857-7070
F: (312) 857-7095

{00594822 / 1}

4

CH01/LUZAM/233940.1