# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2224 | **DATE** | 9/9/2008 |
| **CASE TITLE** | SEC v. Hyatt., et al. | | |

**DOCKET ENTRY TEXT**

The motion of non-parties BCI Aircraft Leasing, Inc. ("BCI") and Brian Hollnagel ("Hollnagel") to vacate Court's September 3, 2008 Order making findings of contempt by BCI Aircraft Leasing, Inc. and Brian Hollnagel and other relief [129] is denied. An evidentiary hearing is set for 9/17/08 at 11:15 a.m. to determine whether BCI and Hollnagel complied with the Court's September 3, 2008 order and whether the court should impose a monetary fine or other sanction. No appearance required on 9/10/08.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Before the court is non-parties BCI and Hollnagel's motion to vacate the Court's contempt order dated September 3, 2008. As an initial matter, BCI and Hollnagel's joint motion contains a number of factual inaccuracies. The United States Securities and Exchange Commission ("SEC") filed the motion for rule to show cause and supporting memorandum [117, 118] that BCI and Hollnagel seek to vacate on Thursday, August 28, 2008. The SEC noticed the motion for presentment before the Court three business days later, on September 3, 2008. The SEC fully complied with the notice of motion requirements listed on the Court's website. Contrary to BCI and Hollnagel's assertion in their motion to vacate, the SEC provided three business days notice for the motion for rule to show cause and it was properly heard by the Court on September 3, 2008.

The SEC also provided BCI and Hollnagel with adequate notice of the motion. On August 28, 2008, the date the SEC filed the disputed motion for rule to show cause with the Court, the SEC e-mailed three counsel for BCI and Hollnagel at two different law firms with copies of the motion for rule to show cause and notice of motion, indicating that the motion would be presented to the Court on September 3, 2008 at 9:30 a.m.

BCI and Hollnagel are correct that Local Rule 37.1 provides for personal service in compliance with Fed. R. Civ. P. 4 on a non-party of any motion seeking a civil contempt finding by the Court. However, the Seventh Circuit has held that the "focus must be on notifying the alleged contemnor, rather than on the formalities of notification procedures. As a result, we have recognized that '[t]he purpose of the notice is to inform the contemnor of the nature of the charges and enable the contemnor to prepare a defense.'" *Autotech Technologies LP v. Integral Research & Development Corp.*, 449 F.3d 737, 748 (7th Cir. 2007)(quoting *American Fletcher Mortg. Co. Inc. v. Bass,* 688 F.2d 513, 519 (7th Cir. 1982)).

BCI and Hollnagel concede that they received notice and copies of the disputed motion for rule to show cause on August 28, 2008. They also concede that they knew the motion would be presented to the Court on September 3, 2008 at 9:30 a.m. Despite notice of the motion, BCI and Hollnagel chose not to

**STATEMENT**

appear in court on September 3, 2008 and chose not to file any written objections or a response to the motion prior to the September 3, 2008 hearing. The fact that the SEC e-mailed BCI and Hollnagel's counsel instead of personally serving those non-parties does not excuse BCI and Hollnagel's failure to appear in Court on September 3, 2008. It also is not grounds for vacating the September 3, 2008 contempt order.

BCI and Hollnagel's claim that they were denied an opportunity to respond to the motion for rule to show cause lacks merit. The Court held a hearing on the motion on September 3, 2008. BCI and Hollnagel had notice of that hearing and chose not to attend. That hearing and the three business days notice of the motion provided BCI and Hollnagel with ample opportunity to respond. The motion for rule to show cause and supporting memorandum also included all the relief that the SEC requested and that the Court granted in open court on September 3, 2008. In the memorandum in support of the rule to show cause motion, the SEC requested that the Court order: (1) BCI and Hollnagel to fully comply with the outstanding subpoenas by September 5, 2008; (2) an award of the SEC's attorney's fees; (3) BCI and Hollnagel be found in civil contempt for their failure to respond to the subpoenas; and (4) a $1,000 a day fine for each day after September 5, 2008 that BCI and Hollnagel failed to fully comply with the subpoenas.

BCI and Hollnagel have not presented any grounds for vacating the Court's September 3, 2008 order. Therefore, the motion to vacate is denied. BCI and Hollnagel had adequate notice of the motion for rule to show cause, the motion was properly noticed for presentment before the Court, and BCI and Hollnagel inexplicably failed to appear at the September 3, 2008 hearing.

In the written submissions presently before the Court, the SEC contends that, to date, BCI and Hollnagel have not fully complied with the subpoenas in violation of the Court's September 3, 2008 order. BCI and Hollnagel disagree and argue that they have fully complied with the subpoenas and therefore should not be subject to a monetary fine, or other coercive measures. Because there is a factual dispute between the parties, the Court will hold an evidentiary hearing solely on the issue of whether BCI and Hollnagel complied with the SEC's subpoenas by September 5, 2008 and, if they did not, whether the Court should impose a coercive penalty to coerce their compliance with the subpoenas and the Court's September 3, 2008 order. That hearing is set for September 17, 2008 at 11:15 a.m.