**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES** : | |
| **AND EXCHANGE COMMISSION,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **CASE NO.  1:08-cv-2224** |
| : | |
| **JASON R. HYATT,** : | |
| **JAY JOHNSON, and** : | **Honorable Rebecca R. Pallmeyer** |
| **HYATT JOHNSON CAPITAL, LLC** : | |
| : | **Magistrate Judge Michael T. Mason** |
| **Defendants.** : | |
| : | |

## FINAL JUDGMENT AS TO DEFENDANT JASON R. HYATT

Plaintiff, U.S. Securities and Exchange Commission ("SEC") filed a complaint in this

matter and:

1. Defendant Jason R. Hyatt ("Defendant Hyatt") having previously consented to the entry
   of a Partial Final Judgment and Order of Permanent Injunction and Other Relief (ECF.
   No. 598, entered June 4, 2012), which contained the injunctive relief contained in
   Sections I – VI below; and

2. the Court having granted the SEC's Motion for Imposition of Disgorgement as to
   Defendant Jason R. Hyatt (ECF No. 772, entered March 6, 2014), which granted the
   Orders of Disgorgement and Prejudgment Interest in Section VII below;

3. the SEC having voluntarily dismissed its claims for a civil penalty as to Defendant Jason
   R. Hyatt (ECF No. 764, filed on December 7, 2013);

the Court having jurisdiction over the parties and the subject matter hereof, and being fully

advised in the premises, hereby states:

## I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Jason R. Hyatt, his officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, employing any device, scheme or artifice to defraud, in violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)(1)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Hyatt, his officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with him who receive actual notice of this  Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in violation of Section 17(a)(2)  and 17(a)(3) of the Securities Act [15 U.S.C. §§77q(a)(2) and 77q(a)(3)].

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Hyatt, his officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or any facility of any national securities exchange:

    (a)    employing any device, scheme or artifice to defraud; or

    (b)    making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5].

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Hyatt, his officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, directly or indirectly, effecting transactions in securities for the accounts of others in exchange for transaction based compensation, by the use of any means or instrumentality of interstate commerce, or of the

mails, or any facility of any national securities exchange, while not registered with the Commission as broker-dealers, as required by Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)], in violation of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Hyatt, his officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with him who receive actual notice of this  Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, directly or indirectly, while acting as investment advisers, by use of the mails, and the means and instrumentalities of interstate commerce, directly or indirectly, knowingly, willfully or recklessly:

   (a)   employing devices, schemes or artifices to defraud its clients or prospective clients; or

   (b)   engaging in transactions, practices and courses of business which have operated as a fraud or deceit upon its clients or prospective clients,

in violation of Sections 206(1) and 206(2) of the Advisers Act. [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Hyatt, his officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with him who receive actual notice of this  Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, directly or indirectly, while acting as an investment adviser to a pooled investment vehicle, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly,

(a)     engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon investors,

(b)     making untrue statements of a material fact or omitted to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor, or

(c)     otherwise engaging in acts, practices or courses of business that was fraudulent, deceptive, or manipulative with respect to any investor or prospective investor,

in violation of Sections 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8] thereunder.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Hyatt disgorge $5,527,917 in ill-gotten gains received as a result of the conduct alleged in the complaint, plus $2,321,401 in prejudgment interest on those gains.  Defendant Hyatt shall satisfy this obligation by paying $7,849,318 to the U.S. Securities and Exchange Commission within 90 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jason R. Hyatt as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that the SEC's claims for a civil penalty as to Defendant are dismissed.

## IX.

**IT IS HEREBY FURTHER ORDERED** that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, or personally by agents or employees of the Commission, upon the Defendant, and upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Order.

6

## X.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall

retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the

Final Judgment.

**SO ORDERED:**

**Rebecca R. Pallmeyer**
**UNITED STATES DISTRICT COURT JUDGE**
**Northern District of Illinois**

Dated: March 1, 2021